[Civil No. 914.   Filed March 30, 1906.]

[86 Pac. 15.]

## FRANK POWERS, and JOSEPHINE POWERS, Plaintiffs and Appellants, v. The WORLD'S FAIR MINING COMPANY, a Corporation, Defendant and Appellee.

1. MINES AND MINING—CONTRACTS—SALE—CONSTRUCTION.—A contract for the sale of certain mines granting therein the privilege of development, and the removal and reduction of ores therefrom pending the consummation of the sale, upon the stipulation that all proceeds from such ores, after certain deductions, should be paid to the owners to apply on the purchase price, which further provides that all ore taken out shall be milled and concentrated or leached on the grounds with an allowance to purchaser of twelve dollars a ton on all ore so worked, with a further proviso that on all ores better adapted to be shipped directly to a smelter, and upon all concentrates a further allowance to the extent of the shipping and smelting charges, is ambiguous as to the latter proviso, which, unaided by extrinsic evidence, does not support the interpretation permitting the defendant to withhold twelve dollars per ton for ore shipped to a smelter, and not milled, concentrated, or leached upon the grounds.

2. EVIDENCE—BEST AND SECONDARY—PLEADINGS AS EVIDENCE.—A pleading containing copies of instruments as exhibits offered in evidence by the pleader is not admissible over objection, no foundation having been laid for the introduction of secondary evidence.

3. APPEAL—ERROR—DISPOSITION OF CASE—JUDGMENT—MODIFICATION WHEN PERMISSIBLE.—Although appellants may only seek a modification of a judgment, the appellate court may not modify a judgment after eliminating, because it was not shown to be the best evidence, evidence which supports the judgment and which may properly be supplied upon a new trial.

[On Rehearing. Filed May 28, 1906.]

1. CONTRACTS—PRACTICAL CONSTRUCTION—TIME.—In determining the meaning of an ambiguous contract, the construction placed upon it by the parties, whether evidenced by some acts or circumstances contemporaneous with the execution of the contract, or by subsequent acts or circumstances, or formal expression (as in this case by instructions signed by all the parties seven months later), is entitled to consideration in resolving the ambiguity.

2. APPEAL AND ERROR—DISPOSITION OF CASE—MODIFICATION—REVERSAL. —Where appellants have appealed from an entire judgment seeking a modification thereof they cannot complain of the reversal of the judgment and the remanding of the case for a new trial although the judgment was in part in their favor.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Santa Cruz. Eugene A. Tucker, Judge. Reversed and remanded.

Eugene S. Ives, for Appellant.

Frank H. Hereford, for Appellee.

NAVE, J.— Frank and Josephine Powers are the owners of a group of mines situated in Santa Cruz County, known as the "World's Fair Mines." They entered into a contract with one Ray Ferguson to sell to him or his assigns these mines, granting therein the privilege of developing the mines, and removing and reducing the ores therefrom, pending the consummation of the purchase, upon the stipulation that all proceeds realized from such ores, after certain deductions, should be paid to the owners to apply upon the purchase price. Among the provisions of the contract were the following: "It is further agreed that all ore which can be taken out in such working, or stoped out below the said main level of the aforesaid World's Fair mine, and all ores now on the dumps, shall be milled and concentrated or leached on the grounds, according as the character of the ore may require; and it is understood and agreed that the sum of twelve dollars per ton shall be allowed by the parties of the first part [Powers] to the party of the second part [Ferguson or assigns] for such treatment. On all ores, if any should be extracted from the

workings, as hereinbefore described, which are better adapted
to be shipped directly to a smelter, and upon all concentrates,
it is understood and agreed that a further allowance to the
extent of the shipping and smelter charges shall be allowed by
the parties of the first part to the party of the second part."
This contract was assigned to the World's Fair Mining Com-
pany, a corporation incorporated for the purpose of taking
such assignment and operating thereunder. Against this
company the owners brought suit praying for certain equi-
table relief and in addition thereto, seeking to recover the
proceeds of certain shipments of ore made to a smelter. The
trial court gave judgment to the plaintiffs for the amount
of such proceeds after deducting therefrom shipping and
smelter charges and after deducting also twelve dollars per
ton of the ore shipped. Equitable relief was denied. Plain-
tiffs have appealed from this judgment, averring that under
a proper construction of the contract the sum of twelve dollars
per ton should not have been deducted from the proceeds of
the ore shipments; that the denial of equitable relief was
error; and that in several particulars the court's findings of
fact are erroneous.

The question whether the defendant is entitled to withhold
twelve dollars per ton from the proceeds of ore shipments de-
pends upon the meaning of the portion of the contract set out
above. This is ambiguous. Certain instructions signed by all
the parties to the contract, given to a bank with which there
were deposited in escrow deeds of conveyance executed in
accordance with this contract, seem to afford a contempora-
neous construction by the parties of the ambiguous expres-
sions of the contract; and this construction is the one adopted
by the trial court. These instructions appear in the record
of this case as an exhibit attached to a cross-complaint filed
by the defendant. To this cross-complaint a demurrer was
sustained, but upon the trial of the case it was formally
offered in evidence by the defendant and received over the
objection of plaintiffs. Unaided, the language of the contract
does not support the interpretation permitting the defendant
to withhold twelve dollars per ton for ore shipped to a smelter,
and not milled, concentrated, or leached on the grounds.
Foundation was not laid by the defendant for the introduction
of secondary evidence of the instructions to the bank, where-

fore the cross-complaint with the copy attached should not have been admitted over objection. A consideration of other points of error assigned is unnecessary. Appellants seek only a modification of the judgment and findings; but we may not modify a judgment after eliminating, because it was not shown to be the best evidence, evidence which supports the judgment and which may properly be supplied upon a new trial.

The judgment is reversed, and the case remanded for a new trial.

KENT, C. J., SLOAN, J., and CAMPBELL, J., concur.

On rehearing.

NAVE, J.—Appellants have filed a motion for rehearing, basing it upon several grounds, two of which merit our attention in passing adversely upon the motion.

It is pointed out that the instructions given to the bank, with which the contract adverted to in the opinion of the court was deposited in escrow, and which instructions in that opinion we say "seem to afford a contemporaneous construction by the parties of the ambiguous expressions of the contract," were in fact executed some seven months subsequent to the execution of the contract. We held that the contract in question, in the portion adverted to, was ambiguous. In determining the construction placed upon an ambiguous contract, the construction placed upon it by the parties, whether evidenced by some acts or circumstances contemporaneous with the execution of the contract, or by subsequent acts or circumstances, or formal expression, is entitled to consideration in resolving the ambiguity. Therefore the fact that the instructions in question were executed several months after the contract would not affect the conclusion we reached in our opinion, but would have the effect only to make inapplicable the use of the word "contemporaneous" where it was used in the expression above quoted.

The appellants also urge that the order entered by this court reversing the judgment and remanding the cause for a new trial, deprives them of the advantage of their judgment, in so far as they had obtained judgment against the defendant for $6,425.78. Without determining whether the ap-

pellants could have appealed from a portion only of the judgment in this case, it is sufficient to observe that in fact the appellants have appealed from the entire judgment.

The motion for rehearing is denied.

KENT, C. J., SLOAN, J., and CAMPBELL, J., concur.