[Civil No. 1076.   Filed March 20, 1909.]

[100 Pac. 995.]

FRANK POWERS and JOSEPHINE POWERS, Plaintiffs and Appellants, v. THE WORLD'S FAIR MINING COMPANY, a Corporation, Defendant and Appellee.

1. MINES AND MINERALS—CONTRACTS OF SALE.—A contract for a sale of mines allowed the purchaser to develop them pending consummation of the purchase, and provided that part of the proceeds should be paid on the purchase price, that the purchaser should be allowed $12 a ton for ore treated on the grounds, and that on ores better adapted to shipment directly to the smelter a further allowance should be made. Subsequently when a deed was placed in escrow, and after a dispute had arisen as to whether the purchaser was entitled to $12 a

ton on ore shipped to the smelter, the escrow instructions recognized that right. *Held,* that the purchaser was entitled to the allowance, whether the instructions be regarded as a modification or an interpretation of the original contract.

APPEAL from a judgment of the District Court of the First Judicial District, in and for the County of Pima. John H. Campbell, Judge. Affirmed.

See, also, 10 Ariz. 5, 86 Pac. 15.

The facts are stated in the opinion.

Eugene S. Ives, and S. L. Pattee, for Appellants.

Frank H. Hereford, and F. E. Curley, for Appellee.

KENT, C. J.—The appellants, as owners of a certain group of mines, entered into a contract with one Ray Ferguson to sell to him or his assigns the mines, granting therein the privilege of developing the mines and removing and reducing the ores therefrom pending the consummation of the purchase, upon the stipulation that all proceeds realized from such ores, after certain deductions, should be deposited in a bank to apply upon the purchase price. Ferguson's rights under the contract were subsequently acquired by the appellee by assignment. The contract provided that the grantors, within a certain period, should place in escrow a deed of the properties, and, among other provisions, contained the following:

"It is further agreed that all ore which can be taken out in such workings, or stoped out below the said main level of the aforesaid World's Fair mine, and all ores now on the dumps shall be milled and concentrated or leached on the grounds, according as the character of the ore may require; and it is understood and agreed that the sum of twelve dollars per ton shall be allowed to the parties of the first part by the party of the second part for such treatment.

"On all ores, if any should be abstracted from the workings as hereinbefore described, which are better adapted to be shipped directly to a smelter, and upon all concentrates, it is understood and agreed that a further allowance to the extent of the shipping and smelter charges shall be allowed by the

parties of the first part (Powers) to the parties of the second part (Ferguson or assigns). The party of the second part is hereby authorized and he agrees to ship such products, and after the deduction of said shipping and smelter charges, to deposit in trust in the Arizona National Bank, Tucson, Arizona, the net proceeds therefrom.''

The question to be determined upon this appeal is whether the trial court was right in holding that Powers was not entitled to recover from the appellee the sum of $12 per ton withheld by it from the proceeds of ores shipped to a smelter, the contention of Powers being that the $12 allowance applied only to ores treated upon the ground.

This question has been once before this court. 10 Ariz. 5, 86 Pac. 15. We then held with respect to this provision that the contract was ambiguous. We further held that the terms and provisions of certain escrow instructions executed upon the deposit of the deed required by the contract seemed to afford a construction of the ambiguous provision subsequently placed upon it by the parties themselves, but we held that we could not avail ourselves of such aid in determining the proper construction to be placed upon the contract, since, for the reason given in our opinion, the escrow instructions were improperly admitted in evidence. The cause was set back for a new trial. Upon this appeal the escrow instructions are properly in the record and before us, and evidence was given in the court below respecting the conditions surrounding the execution of such escrow instructions. From this evidence it appears that subsequent to the making of the contract a dispute arose between Powers and Ferguson as to the intent and meaning of the contract in respect to the provision relating to the $12 to be withheld by Ferguson; the parties then claiming, as is here claimed by the appellant and the appellee, on the one side that the right to withhold the $12 applied only to ores treated upon the ground, and on the other side that it applied not only to ores so treated, but to all ores shipped to a smelter; and that up to the time of the execution of the escrow instructions both parties placed such different interpretations upon the meaning and intent of the clause in question. It is further shown by the evidence that at the time of the execution of the escrow instructions the parties still disputed the intent of the contract, and the evidence adduced on the part of Powers shows

that in signing the escrow instructions it was stated to the other side that he signed the instructions to avoid a lawsuit, and further stated that the escrow instructions did not change the contract. The escrow instructions to the bank with respect to its duty in collecting the proceeds of the ores did in fact explicitly exempt from such collection the sum of $12 per ton on all ores shipped to a smelter, and, so far as the instructions were concerned, conceded the claim of Ferguson with respect to the construction of the clause of the contract in dispute.

The appellant contends that the evidence concerning the circumstances surrounding the execution of the escrow instructions shows that such instructions were not intended to be a modification of the original contract, and did not afford a construction by the parties of such contract, since they were signed by Powers with the statement and understanding that such instructions did not affect the contract; but the evidence in this respect is conflicting, and, as the lower court did not find in favor of Powers in this respect, we may not hold that the fact of such statement and understanding was established.

We think that the escrow instructions must be held to be controlling upon the question before us; whether such instructions be construed to be a modification of the contract or an interpretation thereof is unimportant. By such instructions the disposition of such proceeds was effectually determined and agreed upon, and Powers cannot now be heard to claim a disposition of such proceeds contrary thereto.

The judgment of the district court is affirmed.

SLOAN, DOAN, and NAVE, JJ., concur.