[No. 13561.   Department Two. — December 15, 1891.]

## B. B. NEWMAN, APPELLANT, v. THE CITY AND COUNTY OF SAN FRANCISCO ET AL., RESPONDENTS.

PUEBLO LANDS OF SAN FRANCISCO — ACT OF CONGRESS — STATE LEGISLATION — MUNICIPAL ORDINANCE. — The act of Congress of March 8, 1866, granting to the city and county of San Francisco the right of the United States to pueblo lands within its limits, to hold in trust to dispose of and convey the same to parties in the *bona fide* actual possession thereof on the passage of the act, by themselves or tenants, limited the rights of possessors to such quantities and such terms and conditions as the legislature of the state of California might prescribe, and no municipal ordinance not ratified or confirmed by the legislature could confer any rights upon such possessor.

ID. — ORDER 733 — ORDER 800 — LEGISLATIVE RATIFICATION. — Order 733 of the board of supervisors of the city and county of San Francisco, relinquishing and granting the legal title to the lands therein referred to, to the person or persons who were in the *bona fide* occupancy thereof at the date of the passage of the act of Congress of March 8, 1866, never having been ratified by the legislature of the state of California, was ineffectual to confer any rights, and order 800 of the board of supervisors, imposing other terms and conditions, subsequently ratified by the legislature, became thereby operative, and a party in the possession of such land on March 8, 1866, who did not comply with the terms and conditions prescribed by order 800, can claim no rights under the act of Congress.

ID. — ENFORCEMENT OF TRUST — PLEADING. — In an action by one claiming title to a part of the pueblo lands of the city and county of San Francisco under order 733 of the board of supervisors, to enforce a trust against the city and county, and other persons claiming under it, the failure of the plaintiff to allege that he paid or tendered the assessment required by order 800 renders the complaint insufficient and bad, upon a general demurrer, as not showing any legal or equitable title in the plaintiff; and such omission is not cured by a general averment that the "terms and conditions" imposed by order 800, and ratified by the legislature, were oppressive, or that such act of the legislature ratifying that order was unconstitutional.

ID. — ACQUISITION OF DEFENDANTS' TITLE — FRAUD — IMMATERIAL AVER-
MENTS. — The plaintiff in such action, having failed to show that he was
entitled to acquire the land in controversy, or that he was prevented by
the defendants from complying with the conditions of order 800 as rati-
fied and adopted by the legislature, is in no position to call in question
the manner in which the defendants acquired their deeds from the city
and county of San Francisco, and averments in the complaint charging
them with having done so by fraud and false evidence are immaterial.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco.

The facts are stated in the opinion of the court.

*B. B. Newman, in pro. per.,* for Appellant.

*Olney, Chickering & Thomas, Theodore H. Hittell, New-
lands, Allen & Herrin, George Flournoy, Jr.,* and *Haggin
& Dibble,* for Respondents.

DE HAVEN, J. — The superior court sustained demur-
rers interposed by the several defendants to plaintiff's
amended complaint, and thereupon entered judgment in
·favor of defendants.   The plaintiff appeals.

The land described in the complaint is a part of the
pueblo lands of the city of San Francisco, all the right
and title of the United States to which was, by the act of
Congress of March 8, 1866 (14 U. S. Stats. at Large,
9), relinquished and granted to that city, upon the fol-
lowing trusts, namely: "That all said land not here-
tofore granted to said city shall be disposed of and
conveyed by said city to parties in the *bona fide* actual
possession thereof, by themselves or tenants, on the pas-
sage of this act, in such quantities and upon such terms
and conditions as the legislature of the state of California
may prescribe."

The complaint alleges that the plaintiff was in the
*bona fide* actual and exclusive possession of the land
described therein at the date of the passage of this act,
and that on October 12, 1866, the city and county of
San Francisco duly passed an order, known as order No.
733, by which said city "relinquished and granted for-
ever to private proprietorship, irrevocably, all the right,

title, claim, and interest which the said city then had, or ever had, or may thereafter acquire, in and to the lands in said order referred to, to the person and persons who were in the *bona fide* actual possession thereof on the eighth day of March, 1866." It is also alleged that this order 733 was repealed by another, known as order 800, which prescribed different terms and conditions upon which the legal title to said lands was to be acquired by those who were in the *bona fide* occupancy thereof at the date of the passage of the act of Congress of March 8, 1866. It is further alleged that this latter order was passed by the board of supervisors of the city and county of San Francisco without any jurisdiction or authority, and that the terms and conditions therein prescribed for acquiring title to said land were unconscionable and oppressive, and the act of the legislature ratifying it was unconstitutional and void.

It is nowhere alleged in the complaint that plaintiff ever complied with the terms and conditions prescribed in order 800, or that he was prevented from so doing by any act of defendants, but it is charged in general terms that the defendants other than the city of San Francisco, their predecessors and grantors, by fraud and false evidence procured from the city of San Francisco deeds of the land in controversy, and judgment is demanded that the city and county of San Francisco now holds the legal title to said land in trust for plaintiff, and that the other defendants have no title thereto, that plaintiff be restored to the possession thereof, etc.

The facts alleged in the complaint are not such as to show that plaintiff has any legal or equitable title to the land therein described, and the demurrers thereto were properly sustained. Although plaintiff may have been in the *bona fide* occupancy of such land on March 8, 1866, as alleged, and, as such, one of the persons entitled to acquire the legal title thereto from the city of San Francisco under the act of Congress of that date, and above referred to, still he was only entitled to do so upon complying with such terms and conditions as should be

prescribed by the legislature of this state.   This was so expressly adjudged in the case of *Dupond* v. *Barstow*, 45 Cal. 446.   In that case the court said: " The act of Congress in express terms conferred upon the legislature the right to prescribe 'the terms and conditions' on which the title should pass to the beneficiaries, and the quantity of land to which each should be entitled.   The legislature partially performed this duty by ratifying and confirming order No. 800, and there can be no doubt that the order thereby became to all intents and purposes as definitely valid as though its provisions had been re-enacted by the legislature.   Not having paid the taxes or the assessment as provided in section 11, the plaintiff has not performed the condition on which his rights as a beneficiary were made to depend."   It is nowhere alleged in this complaint that plaintiff ever paid or tendered the assessment as required by order 800, and for this reason there is a failure to show, in the language of *Dupond* v. *Barstow, supra,* that plaintiff is "within the category of those who are entitled to the benefit of the statute."   This omission is not covered by the general averment that the " terms and conditions" imposed by order 800, and ratified by the legislature, were oppressive, or that such act of the legislature ratifying that order was unconstitutional. That neither of these objections has any force is the necessary effect of the decision of *Dupond* v. *Barstow, supra.*   The act of the legislature above referred to did not destroy any vested rights of plaintiff, as plaintiff acquired none under order 733, under which he claims. The " terms and conditions" upon which occupants were to secure the legal title were, by the act of Congress, to be prescribed by the legislature, and not by the board of supervisors of the city and county of San Francisco, and as this order was never ratified by the legislature, it was ineffectual to confer any rights.

2. The plaintiff, having failed to show that he was entitled to acquire the land in controversy, or that he was prevented by defendants, or either of them, from com-

plying with the conditions of the order ratified and adopted by the legislature of this state, is in no position to call in question the manner in which the defendants acquired their deeds from the city and county of San Francisco; and the averments charging them with having done so by fraud and false evidence are for this reason immaterial. (*De Toro* v. *Robinson*, 91 Cal. 371, and cases therein cited.)

Judgment affirmed.

SHARPSTEIN, J., and McFARLAND, J., concurred.

Hearing in Bank denied.