## PHILLIPS v. WINTER et al.

### No. 15,177; June 26, 1894.

#### 37 Pac. 154.

**Partition—Res Judicata.—A Party to an Action for Partition,** who acquires an independent title by deed pending the suit and before decree and who does not assert such title in that action will be concluded by the judgment therein from setting up such title in a subsequent action for the partition of the same property.

APPEAL from Superior Court, City and County of San Francisco; John Hunt, Judge.

Action by Abraham Phillips against Fanny M. Winter and others for partition. Judgment for plaintiff and defendants appeal. Affirmed.

Daniel Titus and Henry Sears for appellants; I. N. Thorne and Myer Jacobs for respondent.

PER CURIAM.—The plaintiff commenced this action to obtain a partition of certain blocks and lots of land situate in the city and county of San Francisco and known as "outside lands." There were a large number of defendants, all of whom answered, and set out their respective claims to interests in the lands described in the complaint. Among the defendants were the minor heirs and the adult heirs, and the executrices of the will of William Winter, deceased. The minor heirs answered separately by their guardian ad litem, and alleged that said William Winter, at the time of his death, was the owner and entitled to the possession of an undivided third part of all the lands and premises described; and they prayed that the said lands be partitioned, and that the shares and interests to which they were entitled might be determined by the court, and set off in severalty to them. The adult heirs and executrices, by their answer, denied that the plaintiff and defendants were the owners, as tenants in common, of the lands and premises described in the complaint; denied that the plaintiff or the defendants, other than themselves, had any interest in the said lands and premises, or any

part thereof, as tenants in common or otherwise; and alleged that said William Winter, in his lifetime, and at the time of his death, was seised in fee, and was the owner in severalty, of all the said pieces and parcels of land mentioned and described in the complaint. Wherefore they prayed that it be adjudged and decreed by the court that they were the owners and entitled to the possession of all the said lands and premises, and that the relief asked by the plaintiff be denied. The case was tried, and very full findings made, by which it was determined that each of the parties to the action had a certain stated interest in the said premises; and thereupon, in accordance with the findings, an interlocutory decree of partition was made and entered, from which, and from an order denying their motion for a new trial, the adult heirs and executrices appeal.

The appellants contend that the heirs, devisees, and representatives of the estate of William Winter, deceased, were shown to be the owners in fee and entitled to the possession of all the property involved in the action, and that the court erred in awarding and setting off portions thereof to the plaintiff and the other defendants. This contention is based upon the following facts: On November 20, 1869, an action was commenced in the district court of the twelfth judicial district in and for the city and county of San Francisco, by Robert S. Randall against William Winter and others, for the partition between the parties, as tenants in common, of a tract of land described as "that certain tract of land situated in the city and county of San Francisco and state of California, known as and being the southeast quarter of section 13, township 2 south, range 6 west, according to the United States survey of the state of California, and being more particularly described as the same is delineated and shown on the map of the outside lands of the city and county of San Francisco, made under and by virtue of the provisions of order No. 800, as follows, to wit, 'All those certain blocks of land,' " etc., including the blocks and lots involved in this action. The answer of Winter was filed March 4, 1870. The trial of the action was commenced August 15, 1871, and on the next day the case was submitted to the court for decision. The interlocutory decree was entered October 13, 1871, and the final decree on December 8, 1875. By these decrees there were

allotted and set off to the plaintiff, Randall, in severalty, all the blocks and lots of land described in the complaint in this action; and the said decrees are still in full force and effect, having never been set aside, vacated or reversed, and under deeds from Randall the several parties to this action have acquired the interests in the property which were respectively allotted and set off to them. While the action of Randall v. Winter et al. was pending, and before the interlocutory decree therein was entered, seven deeds were executed by the city and county of San Francisco to said Winter and his codefendants, purporting to convey to them, in pursuance of the authority given by the statutes of the United States and of this state, and said order No. 800, the property involved in that action, and including that involved in this action. Two of the said deeds were dated May 6, 1870; two of them, July 8, 1870; one of them, October 20, 1870; one of them, October 7, 1871; and one of them October 9, 1871. But it does not appear what particular part of the lands was conveyed by either of the said deeds. Subsequently, his cograntees executed and delivered to said Winter deeds purporting to convey to him all their respective interests in the lands involved in this action. Under the several deeds above referred to, appellants claim that Winter, at the time of his death, was the owner and entitled to the possession of all the lands in controversy.; and whether this claim can be sustained or not is the question to be decided. We do not deem it necessary to discuss the matter at length, for in Christy v. Waterworks, 68 Cal. 73, 8 Pac. 849, a like question arose, and was decided against the contention of appellants. That case grew out of the same partition suit of Randall v. Winter; and there, as here, a city deed, received by a tenant in common pending the partition proceedings, was set up as a defense to the action. It was held that the judgment in partition was conclusive upon all the parties thereto as to whatever title or claim they had to the land at the time of the rendition of the judgment, and on the second appeal of the case the same doctrine was announced and followed: 84 Cal. 541, 24 Pac. 307. Those decisions, we think, correctly declare the law applicable to this case; and we see nothing in Newman v. City and County of San Francisco, 92 Cal. 378, 28 Pac. 569, or in the other cases cited by appellants, that in any way conflicts with them.

Appellants further contend that the decree in Randall v. Winter et al. is void on its face, and of no effect, but we fail to see any valid ground for this contention.   The court had jurisdiction of the parties and of the subject matter, and its judgment cannot now be attacked collaterally.   It follows that the decree and order appealed from must be affirmed, and it is so ordered.