### 1326.  TILTON v. THE STATE.

Every person accused of crime is entitled to a public trial. The presid-
ing judge, in the exercise of a sound discretion, may, without violating,
this right, exclude from the court-room during the trial, for any suf-
ficient special reason, such portion of the spectators as fall within the
class to which the reason applies. However, where the judge, without
further reason than that the testimony will relate to matters ordinarily
indecent to be mentioned, orders, over the objection of the defendant,.
that "the court-room be cleared of every one not connected with the
case," he abuses his discretion and violates the defendant's right to a
public trial. Prejudice to the defendant is conclusively to be pre-
sumed from such an order, and a new trial necessarily results.   ·

Accusation of fornication and adultery, from city court of
Richmond county—Judge Eve.  June 19, 1908.

Argued October 6,—Decided October 26, 1908.

*Pierce Brothers,* for plaintiff in error.

*James C. C. Black Jr., solicitor,* contra.

POWELL, J.  The only exception insisted upon is that as soon
as the jury was impaneled the court, over the express objection
of the defendant, "ordered the court-room cleared of every one
not connected with the case." The objection of the defendant.
was that the action of the court violated his constitutional right.
to have a public trial. Our constitution, art. 1, sec. 1, par. 5
(Civil Code, §5702), provides, among other things, that "every
person charged with an offense against the laws of this State
. . shall have a public trial." The Civil Code, §5296, pro-
vides, "During the trials in the superior courts, and all other
courts and trials occurring in this State, of any case of seduc-
tion or divorce, or other case where the evidence is vulgar or
obscene, or relates to the improper acts of the sexes, and tends to
debauch the morals of the young, the presiding judge shall have
the right, in his discretion and on his own motion, or on motion
of plaintiffs or defendants, or their attorneys, to hear and try
the said case after clearing the court-room of all or any portion
of the audience." The State's counsel does not insist that the
statute gives the presiding judge such a breadth of discretion that.
he may destroy or diminish the defendant's constitutional right.
of a public trial. Counsel for the accused does not contend that
the statute is unconstitutional because repugnant to the forego-
ing clause of the bill of rights, but recognizes that a trial may be.

public though certain persons are, in the discretion of the judge, for special reasons, excluded from the court-room pending the hearing. The whole question presented, therefore, is, "Did the judge abuse his discretion in the present case?" Under the decision in the *Fews* case, 1 *Ga. App.* 122 (58 S. E. 64), this is a question within the final jurisdiction of this court.

The text-writers and the annotators of the standard collections of cases, such as the Lawyer's Reports Annotated, the American State Reports, and the American and English Annotated Cases, all unite in stating that the reported cases on this question are comparatively few in number. Most of the courts, especially in the more recent cases, cite or quote, as a reasonably accurate statement, the following extract from Cooley's Constitutional Limitations (6th ed. 379) : "It is also requisite that the trial be *public*. By this is not meant that every person shall in all cases be permitted to attend criminal trials; because there are many cases where, from the character of the charge and the nature of the evidence by which it is to be supported, the motives to attend the trial on the part of a portion of the community would be of the worst character, and where a regard to public morals and public decency would require that at least the young be excluded from hearing and witnessing the evidence of human depravity which the trial must necessarily bring to light. The requirement of a public trial is necessarily for the benefit of the accused, that the public may see that he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions; and the requirement is fairly observed if, without partiality or favoritism, a reasonable proportion of the public is permitted to attend, notwithstanding that those persons whose presence could be of no service to the accused, and who would only be drawn thither by a prurient curiosity, are excluded altogether." See also Bishop's New Crim. Proc. §§957-959. All the courts in those States whose constitutions provide for public trials agree upon the proposition that the defendant may insist upon the trial being absolutely open and public, except in so far as there is some good reason for excluding certain persons or certain classes; in which event these, and these only, may be excluded. It is generally recognized that a person

may be excluded for either of the following reasons: when there is no room for him in the court-house; when he is a witness; when he is disorderly; when, because of age or sex, decency or morality demands it. Other special instances appear in the reported cases.

In Grimmett v. State, 22 Tex. App. 36 (2 S. W. 631, 58 Am. Rep. 630), the spectators in a case in which a female witness was testifying became so boisterous with laughter as to interfere with the court and to confuse the witness; and the action of the judge in ordering them removed from the court-room was upheld by the appellate court. In that case, however, attorneys disconnected with the case and jurors not in the box, etc., were not included in the judge's order, as in the present case, but only the general spectators. In State v. Callahan, 100 Minn. 63 (110 N. W. 342), the prosecutrix in a rape case, after a long public examination as to the details of the crime, became so embarrassed by the presence of the crowd that the judge ordered the spectators to leave the room temporarily; and, by a divided Supreme Court, this was held to be no abuse of discretion. In People v. Kerrigan, 73 Cal. 222 (14 Pac. 849), the defendant became unmanageable and began to use profane and abusive language to the judge and officers of court. Her conduct created such commotion among the spectators that the trial could not proceed until they were sent from the room. It was held that, as it did not appear that the judge had gone any further than was necessary to preserve decorum, in the absence of any showing of injury to the defendant, his action would not be held to be illegal. In Stone v. People, 3 Ill. 326, there was considerable noise and confusion on the outside of the court-room. The judge ordered the doors temporarily locked, but an officer was stationed at the door, with a key, to let any who wished to do so pass and repass. The trial was held to be public. In Lide v. State, 133 Ala. 63 (31 So. 953), it was held that where the spectators began to applaud the argument of the State's counsel and the court ordered the offending persons removed, the court's action was for the benefit of the defendant, and he could not successfully complain. In State v. McCool, 34 Kan. 617 (9 Pac. 745), it was held proper for the judge to exclude all women from the court-room, where one of the attorneys in the case informed the court that he was about to refer to certain evidence which he could not decently discuss in their presence. In State v. Brooks, 92 Mo. 542 (5 S. W.

257, 330), and in Jackson *v.* Commonwealth, 100 Ky. 239 (38 S. W. 422, 66 Am. St. Rep. 336), it was held that if no undue partiality was shown in the admission of persons, the judge might limit the size of the crowd to the seating capacity of the court-room, and that others seeking admission might be excluded. It is stated in United States *v.* Buck, 4 Phila. 169 (Fed. Cas. 14680), that dangerous persons who would be likely to interfere with the due administration of justice might be kept from the court-room.

In the Georgia case of *Myers* v. *State,* 97 *Ga.* 77 (25 S. E. 252), it was held that "while every person accused of crime is entitled to a public trial, it is not necessary to its legality that a great mul-titude should be in attendance, and the presiding judge should not permit the bar or court-room to become so crowded as to impede the progress of the trial by rendering it difficult for the jurors to enter or leave the box, or by preventing the free movement of counsel and witnesses; moreover, the jury should not be in such close and constant contact with the audience as that remarks of bystanders as to the guilt or innocence of the accused, or other indications of public feeling for or against him, may reach their ears or come under their observation. The bar at least should at all times be kept sufficiently open and clear for the prompt and orderly dispatch of the business of the court." However, an exam-ination of the facts in that case will show that the exception was not to the action of the judge in excluding the spectators who over-crowded the room, but to his refusal to exclude them.

On the other side of the question, no other court has gone quite so far as the Supreme Court of Michigan. In the case of People *v.* Murray, 89 Mich. 276 (14 L. R. A. 809, 28 Am. St. Rep. 294, 50 N. W. 995), it was held, that "The constitutional right to a 'public trial' in a criminal case is violated by an order of the court to a police officer stationed at the door of the court-room to 'see that the room is not overcrowded, but that all respectable citizens be admitted and have an opportunity to get in whenever they shall apply,' where it is shown that citizens and taxpayers were excluded by such officers while the seats provided for specta-tors were not all occupied." Subsequently to the rendition of this decision a statute was passed allowing the judge in certain cases to exclude "every person except those necessarily in attendance" upon the trial. In People *v.* Yeager, 113 Mich. 228 (71 N. W.

491), this act was held to be unconstitutional, as applied to a criminal trial. In People v. Hartman, 103 Cal. 242 (37 Pac. 153, 42 Am. St. Rep. 108), it was held that an order made in a rape case, against the objection of the defendant, excluding from the court-room during the trial of the case "all persons except the officers of the court and the defendant," is prejudicial error, being violative of the defendant's constitutional guarantee of a public trial. . This case was not only comparatively recent, but the opinion in it is fair and able. The authorities on the question are carefully reviewed. Among other things, the court makes the following statement, which is peculiarly applicable to the case now before us: "Against the objection of the defendant, the court made an order excluding from the court-room, during the trial of the case, all persons except the officers of the court and the defendant. This was a novel procedure, and has no justification in the law of modern times. We know of no case decided in this country supporting the course of procedure here pursued. It is in direct violation of that provision of the constitution which says that a party accused of crime has a right to public trial. The fact that the officers of court were allowed to be present in no way made the trial public. For the purposes contemplated by the provisions of the constitution, the presence of the officers of court, men who, it is safe to say, were under the influence of the court, made the trial no more public than if they too had been excluded." In the recent case of State v. Hensley, 75 Ohio St. 255 (75 N. E. 462, 9 L. R. A. (N. S.) 277, 116 Am. St. R. 734, 9 Am. & Eng. Ann. Cas. 111), is also a very able discussion of the whole question. The court recognizes that in many instances certain persons or classes of persons might be excluded from the court-room without constitutional prejudice to the defendant on trial, but held, in the case before it, that "an order made by the court of common pleas during the trial of an indictment for a felony, to the effect that, in view of the testimony expected to be given by witnesses next to be called the court would continue the trial during the taking of the testimony of witnesses likely to give immoral or obscene testimony in the small court-room, that the sheriff should admit no one to said room except the jury, defendant's counsel, and members of the bar and newspaper men, and one other person, a witness for defendant, exceeds the power of the court in the

premises, and its enforcement is a denial to defendant of his constitutional right to a public trial."

The cases of Benedict v. People, 23 Colo. 126 (46 Pac. 637), and People v. Swafford, 65 Cal. 223 (3 Pac. 809), cited by counsel for the State, are not in point. These cases merely hold that a new trial should not be granted because the trial court excluded persons from the court-room, where the defendant made no objection or where he consented to the order. Nor are the New York cases in point. The only provision in that State as to the publicity of trials is statutory, and contains express exceptions allowing the exclusion of the public in certain cases.

Unquestionably the whole trend of American authority is to the effect that, while the trial judge may, for special causes, exclude any or even all of the spectators from the court-room, yet that he can not make the order of exclusion extend further than the special causes warrant in the particular instance. A sweeping order such as the one sub judice has never been sustained, so far as we can find. To say that the judge may lawfully exclude from the trial all persons except those connected with the case, the defendant, his attorney, the witnesses, and the officers of court, —to say the accused can be forced to trial thus without the presence of friend or family, is to say that the constitutional guaranty of a public trial is an empty promise,—is to say that the guaranty adds nothing at all to what had already been guaranteed him by other provisions of the bill of rights. The right of counsel would give him the presence of his attorney; the right to be confronted by the witnesses would give him the benefit of their presence; the right of trial by jury would give him the benefit of the presence of the twelve men in the box; and besides these, who else would be left to witness the trial, save the prosecutor, the State's counsel, the judge, and the officers of court, persons absolutely necessary to the carrying on of any trial at all? How differs this from the secrecy of the Star-Chamber?

An unreasonable exclusion of the public, over the objection of the accused, is conclusively presumed to be hurtful to him. People v. Hartman, People v. Murray, State v. Hensley, supra. In the present case there is a strong probability that the accused suffered actual prejudice. He stood charged with fornication and adultery, committed with his wife's fourteen-year-old sister; and

the girl herself was the only witness against him as to the principal fact. It seems, from the testimony, that he had previously been accused by her of rape. The jury doubtless knew of this, and knew of the public indignation such cases arouse,—knew, in other words, what the general public expected of them. Certain physical facts, appearing on the trial, corroborated the defendant's strong denial that he had ever had sexual intercourse with the girl. These physical facts, doubtless, had never been given the same public notoriety as had been given to the fact that the accused had been held by the committing court for the perpetration of a most heinous crime on his wife's young sister. The jury evidently had doubts, for they added to their verdict a recommendation of mercy; and if the defendant was guilty, it was not a case for mercy. There is much room for the suspicion that the jury was influenced not to give the defendant the benefit of the doubt they felt, because they feared criticism from the public who had heard the charge against the defendant, but had not heard the testimony in his favor. I have known of just such cases. The defendant, having been publicly charged, was entitled to have the public know just how weak the evidence against him really was, how strong were the circumstances in his favor. In any event he was entitled to a public trial, and did not get it. The judge, under the circumstances of the case and the nature of the testimony, might, with greatest propriety and perfect legality, have excluded from the court-room, during the trial, all minors, all women, and all others who failed to behave decorously or who interfered in any manner with the decent conduct of the case; but his order was too sweeping.      *Judgment reversed.*