[No. 17816.  Department One.  August 24, 1923.]

## THE STATE OF WASHINGTON, *Respondent*, v. GERALD MARSH, *Appellant*.[1]

CONSTITUTIONAL LAW (143)—RIGHT TO JUSTICE—PUBLIC TRIAL. The juvenile court law, Rem. Comp. Stat., § 1987-10, providing for private hearings in any case involving a child, and that an order adjudging delinquency shall in no case be deemed a conviction of crime, has no application to, and does not authorize, a private trial of an adult charged by information with the misdemeanor of contributing to the delinquency of a child.

CRIMINAL LAW (391)—APPEAL—NECESSITY OF EXCEPTIONS—INVASION OF CONSTITUTIONAL RIGHTS. No exceptions or objections at the trial below are necessary to a review on appeal, where the accused, charged with a misdemeanor, was deprived of a public trial, in violation of the guaranty of Const., Art. 1, § 22, and § 10 of the Bill of Rights.

Appeal from a judgment of the superior court of Spokane county, Webster, J., entered March 13, 1922, upon a trial and conviction of contributing to the delinquency of a minor.  Reversed.

*A. C. Clausen*, for appellant.

*William C. Meyer, E. E. Alley*, and *Clarence A. Orndorff*, for respondent.

MITCHELL, J.—Gerald Marsh was tried without a jury by the judge presiding in the juvenile department of the superior court of Spokane county, on an information charging him with the offense of contributing to the delinquency of a minor.  He plead "not guilty," was convicted and sentenced to jail for one year, and has prosecuted this appeal.

It is assigned as error that he was not given the right to a public trial as guaranteed by art. 1, § 22, of the state constitution.  In this connection it may be observed that § 10 of the Bill of Rights contained in

[1]Reported in 217 Pac. 705.

the state constitution provides that ''Justice in all cases shall be administered openly, etc.''

The crime of which the appellant was convicted is defined and the punishment fixed by § 17 of the ''Juvenile Court Law,'' ch. 160, Laws 1913, p. 531; Rem. Comp. Stat., § 1987-17 [P. C. § 609]. It is shown by the minutes of the clerk of the trial court entered in the juvenile court journal, certified by the trial judge to have been examined by him and found to be correct and as such included in and made a part of the statement of facts settled, certified and signed by the judge, that the appellant was of adult age and was brought to trial in the chambers of the juvenile court, and that he was not represented by any attorney, but that his father and mother were present at the trial. Further,

''The session of the court referred to was held in private and not open to the general public, except for the presence of several ladies representing certain social service organizations, per custom of the court.

''No jury was impanelled to try the cause, nor was any jury demanded by the defendant or in his behalf; the matter of a jury was not referred to by anyone. The defendant was tried solely by the court, on his plea of not guilty. The defendant was advised as to his statutory right to obtain an attorney, whereupon he stated that he did not desire an attorney.

''There was no court reporter present and no stenographic or other record was made of the proceedings or testimony, except the minutes of the clerk embodied in the juvenile court journal No. 5 at page 71.''

While the ''Juvenile Court Law'' in certain respects applies to any person or persons who are responsible for or contribute to the delinquency or dependency of children, its primary purpose relates to the welfare and control of such children; and it is declared in § 10, p. 527, of the law that,

''An order of court adjudging a child dependent or delinquent under the provisions of this act shall in no

case be deemed a conviction of crime." [Rem. Comp. Stat., § 1987-10].

As stated in the case of *In re Lundy,* 82 Wash. 148, 143 Pac. 885, Ann. Cas. 1916E 1007: "The policy underlying this law is protection, not punishment." With this idea in mind, the act provides for private hearings, confined, however, to the hearing of cases involving children. The language, found in § 10, p. 527, of the act, is plain. It is as follows:

"At the hearing of any case involving a child, the court shall have power to exclude the general public from the room where the hearing is had, admitting thereto only such persons as may have a direct interest in the case. Any child may have a private hearing upon the question of its dependency or delinquency, and upon the request of said child, or either of its parents, or guardian, or custodian, such hearing may be had privately." [Rem. Comp. Stat., § 1987-10].

Certainly, however, the provision cannot be extended or construed to include the hearing or trial of an adult person charged by an information with the crime of contributing to the delinquency of a child, a crime declared to be a misdemeanor punishable "by fine not exceeding one thousand dollars, or imprisonment in the county jail for not more than one year, or by both such fine and imprisonment." Section 17, p. 531, of the act, which provides that the juvenile court shall have jurisdiction of all such misdemeanors, does not and cannot alter the situation. The juvenile court is a department of the superior court, its judge is a superior court judge, and the fact that that department is given jurisdiction in the trial of such criminal cases does not authorize the deprivation of the right of a defendant in a criminal case to a public trial, simply because of the right or the power of the judge of that department to conduct a private hearing in a case involving only a delinquent or dependent child.

That the trial in this case was a private one and not
a public one there can be no question. The official re-
cords of the court so show, and they also show that it
was so intended by the trial court; and in our opinion
this is not a case calling for a decision upon the im-
portant question of whether or not, under our consti-
tution, there is power in the trial court, proceeding in
the exercise of discretion, to exclude the public or any
portion of it during the trial of a criminal case and if
so to what extent and under what circumstances it
may be done. That question is not here, because the
record shows that the trial "was held in private," "per
custom of the court"—not that there was any supposed
necessity for such private hearing, but according to
"custom of the court." Certainly there is not, nor can
there be, any custom of the court for the trial of crimi-
nal cases in private. The only reasonable understand-
ing to be had from the record is that because of the
provision of the law permitting private hearings of
cases involving delinquent and dependent children
there was a rule or custom of the court to conduct such
hearings in that way, and that because the juvenile
court was given jurisdiction of misdemeanors con-
sisting of contributing to the delinquency or depen-
dency of the children, that therefore the same pro-
cedure should be followed and the defendant in the
criminal case allowed only a private hearing—that is,
non criminal procedure in a criminal case. We under-
stand it to be so argued, in effect, by the attorneys for
the prosecution, but as already stated that is an un-
warranted interpretation of the statute with reference
to private hearings.

It is, however, insisted by counsel for the state that
because no objection or exception was entered or taken
by the appellant at the time of the trial the error, if
any, cannot now be taken advantage of. With this we

do not agree. In the case of *State v. Crotts*, 22 Wash. 245, 60 Pac. 403, which decided (syllabus) that the action of the trial court in commenting on the facts in a criminal case being an invasion of the constitutional rights of the accused, such action may be reviewed on appeal, although no exception or objection was interposed at the time, it was said:

"Where the constitutional right has been invaded, it has been held by this court that no failure of objection or exception should stand in the way of considering errors based on the violation of such provisions."

A similar situation, that is, one wherein the state objected to a consideration of defendant's constitutional right because no objection or exception to an order for a private trial was taken, was presented in the well considered case of *State v. Hensley*, 75 Ohio St. 255, 79 N. E. 462, 116 Am. St. 734, 9 L. R. A. (N. S.) 277, wherein the court said:

"This objection ignores the force and effect of the constitutional provision. The right to a public trial is guaranteed."

Discussing the subject in a somewhat general way, the supreme court of Michigan in the case of *People v. Yeager*, 113 Mich. 228, 71 N. W. 491, concluding in favor of a rigid observance of the right notwithstanding a statute applicable to that kind of a case designed to authorize a contrary course, said:

"This constitutional provision was under consideration in the case of *People v. Murray*, 89 Mich. 276, 50 N. W. 995. In an elaborate opinion, Mr. Justice Champlin, referring to the case of *People v. Kerrigan*, 73 Cal. 223, 14 Pac. 849, the case relied upon by the prosecution here, made use of the following language: 'I cannot accede to the correctness of the proposition intimated in that case,—that, if a public trial has not

been accorded to the accused, the burden is upon him to show that actual injury has been suffered by a deprivation of his constitutional right. On the contrary, when he shows that his constitutional right has been violated, the law conclusively presumes that he has suffered an actual injury. I go further, and say that the whole body politic suffers an actual injury when a constitutional safeguard erected to protect the rights of citizens has been violated in the person of the humblest or meanest citizen of the state. The constitution does not stop to inquire of what the person has been accused, or what crime he has perpetrated; but it accords to all, without question, a fair, impartial, and public trial.' "

The failure of the court to give the appellant a public trial was reversible error. Some other points are suggested by the appellant that we think are unimportant of decision for the purpose of the new trial of this case, to be had in the ordinary course of the trial of criminal cases in the superior court.

Reversed and remanded, with directions to the superior court to grant a new trial.

MAIN, C. J., HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.