## STATE v. BONZA.

No. 4645.   Decided July 5, 1928.   (269 P. 480.)

178

**180**

*King & King*, of Salt Lake City, for appellant.

*Harvey H. Cluff*, Atty. Gen., and *L. A. Miner*, Asst. Atty. Gen., for the State.

HANSEN, J.

The defendant was convicted of the crime of rape and sentenced to serve an indeterminate term in the state prison. He appeals.

After the jury had been impaneled to try this cause counsel for defendant requested that an order be made excluding from the courtroom all of the witnesses except the one testifying. Thereupon the prosecuting attorney stated that the sister of the prosecutrix might become a witness and that if an order excluding the witnesses were made he desired that she be permitted to remain in the courtroom for the purpose of advising him during the course of the trial. After some discussion between the court and counsel the court ordered that all witnesses be excluded but the sister of the prosecutrix. Counsel for defendant objected and excepted to that part of the order permitting the sister of the prosecutrix to remain in the courtroom. The presiding judge then suggested that the spectators also be excluded. He called attention to the provision of Comp. Laws Utah 1917, sec. 1789, which reads as follows:

"In an action for divorce, criminal conversation, seduction, abortion, rape, or assault with intent to commit rape, the court may, in its discretion, exclude all persons who are not directly interested therein, except jurors, witnesses, and officers of the court; provided, that in any cause the court may, in its discretion, during the examination of a witness, exclude any and all other witnesses in the cause."

Counsel for defendant objected to the exclusion of the spectators and called attention to the Constitution of Utah, art. 1, § 12, which provides:

"In criminal prosecutions the accused shall have the right to appear and defend in person or by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to be confronted by the witnesses against him, to have compulsory process to compel the attendance of witnesses in his own behalf, to have a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed, and the right to appeal in all cases. In no instance shall any accused person, before final judgment, be compelled to advance money or fees to secure the rights herein guaranteed. The accused shall not be compelled to give evidence against himself; a wife shall not be compelled to testify against her husband, nor a husband against his wife, nor shall any person be twice put in jeopardy for the same offense."

Inquiry was then made if the state desired the exclusion of spectators. Upon being informed that the state was not requesting the exclusion of spectators, the presiding judge stated that he would not make an order excluding the spectators over the objection of counsel for defendant unless requested so to do by the district attorney. Thereupon the trial proceeded.

The prosecutrix was the first witness called. After she had given her testimony in chief and was being cross-examined by counsel for defendant it appears that she became hysterical. Her periodic spells of crying seem to have made it difficult to proceed with the trial. During one of these crying spells the district attorney asked that an order be made excluding the spectators from the courtroom. Thereupon the following order was made:

"All persons who are not directly interested in this case except jurors, witnesses that have already been sworn, except jurors and officers of the court will be requested to retire from the courtroom."

Counsel for defendant timely objected and excepted to the order. Defendant's counsel also requested that the order of exclusion include the sister of the prosecutrix. This request was refused, and counsel for defendant duly excepted. The district attorney then inquired "whether the

order applied to jurors not serving in the present case," to which the presiding judge replied, "I rather think it had better apply." The order of exclusion continued until the conclusion of the evidence. The defendant testified that his father, his two sisters, a brother-in-law, a cousin, a cousin's wife, and an uncle and a number of friends were present in the courtroom when the order of exclusion was made. While the defendant was putting in his evidence the district attorney remarked: "I might advise your honor I have no desire, unless your honor deems it advisable, to have the order excluding disinterested persons from remaining in further force and effect. Of course the time has gone by when we desire to have the public excluded;" to which the trial judge replied: "If it is past and that is counsel's situation in that regard Mr. Anderson may come in." The record does not disclose anything about Mr. Anderson or why the order should not be applied to him. After the evidence had been concluded and the court's instructions read to the jury the trial judge inquired, "Is there now on the part of counsel on either side any objection to permitting the public who might desire to attend this session to come in?" The district attorney responded that there was no objection on the part of the state. Counsel for defendant responded, "The court heretofore excluded the public against the objections of the defendant at times when we insisted it was a violation of a constitutional right. I do not think the error can be cured or modified at this late date." Thereupon the trial court set aside the order of exclusion over timely objection and exception of defendant's counsel.

It is contended on behalf of the defendant that he was denied a public trial and therefore the judgment against him should be set aside. It is also urged that the trial court committed prejudicial error in permitting the sister of the prosecutrix to remain in the courtroom during the trial. The sister of the prosecutrix was not called as a witness.

We are of the opinion that the mere fact that the sister of the prosecutrix was permitted to remain in the courtroom

does not entitle the defendant to a reversal of the judgment. The provisions of Comp. Laws Utah 1917, § 1789, grant to the trial court a discretion in the matter of excluding witnesses. The trial court may, in the exercise of a proper discretion, refuse to grant the request to exclude any witnesses or all witnesses. There is no absolute right to have witnesses excluded during the progress of a trial. In the instant case it appears that the district attorney desired the sister of the prosecutrix to remain in the courtroom to advise him during the course of the trial. Standing alone, no error was committed by permitting her to remain in the courtroom during the trial.

A more serious question is presented when we consider the claim that the defendant was denied a public trial as guaranteed to him by our Constitution. It will be observed that article 1, § 12, of our Constitution eneumerates a number of rights guaranteed to a person accused of crime. It is elementary that the defendant was entitled to such a public trial as is contemplated by what is designated the declaration of rights in the Constitution of Utah. The right to a public trial is secured to an accused person the same as are the rights to appear and defend in person or by counsel, to demand the nature and cause of the accusation against him, to be confronted by witnesses against him, to have a trial by an impartial jury, to not be required to give evidence against himself and the other constitutional rights which are so fundamental in our system of criminal procedure. It is of primary importance to determine what is meant by a public trial as provided for in our state Constitution. Having once determined what constitutes a public trial as contemplated by our state Constitution the provisions of Comp. Laws Utah 1917, § 1789, must of necessity give way to the kind of trial provided for in the Constitution. In determining what is meant by a public trial recourse must be had to the common law as it existed at the time the Constitution was adopted. A statement of the requisites necessary to make a trial public frequently quoted

with approval by courts of last resort is contained in 1 Cooley's Constitutional Limitations, Eighth Edition, p. 647. It is there said:

"It is also requisite that the trial be *public*. By this is not meant that every person who sees fit shall in all cases be permitted to attend criminal trials; because there are many cases where, from the character of the charge and the nature of the evidence by which it is to be supported, the motives to attend the trial on the part of portions of the community would be of the worst character, and where a regard to public morals and public decency would require that at least the young be excluded from hearing and witnessing the evidences of human depravity which the trial must necessarily bring to light. The requirement of a public trial is for the benefit of the accused; that the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions; and the requirement is fairly observed if, without partiality or favoritism, a reasonable proportion of the public is suffered to attend, notwithstanding that those persons whose presence could be of no service to the accused, and who would only be drawn thither by a prurient curiosity, are excluded altogether."

To the same effect see 2 Bishop's New Criminal Procedure (2d Ed.) §§ 957, 958, and 959, pp. 767-8; 16 C. J. § 2052, p. 807. Lists of cases dealing with the subject of a public trial will be found in footnotes to the foregoing texts. References to a few of the adjudicated cases will suffice to illustrate the trend of judicial opinion.

The state cites and relies upon the case of *State* v. *Johnson*, 26 Idaho, 609, 144 P. 784. In that case the defendant was being prosecuted for the crime of an assault with intent to commit rape. At the beginning of the trial the court made the following order: "During the trial of this case, all spectators will be excluded from the courtroom. Before beginning to examine the jury, all spectators will retire. The bailiff will remain at the door and see that nobody comes in or remains where they can hear the proceedings." In that case the Supreme Court of Idaho, in discussing the order of the trial court, uses this language:

"In cases like the one at bar, where the evidence is of a very immoral and disgusting nature, we do not think the court erred in excluding the general public from the courtroom during the trial. Of course, the friends of the defendant who desired to be present and the officers of the court, including members of the bar, ought not to be excluded; but to exclude the general public who only have a curiosity to hear the revolting details of a rape case, does not deprive a defendant of a public trial as provided by the Constitution and statutes above cited."

In *Reagan* v. *United States*, 202 F. 488, 120 C. C. A. 627, 44 L. R. A. (N. S.) 583, the court, at the beginning of the trial, directed that the spectators should leave the courtroom. The courtroom was cleared of spectators and counsel for the accused noted an exception. Thereupon the court said:

"I made that order for the reasons, first, that I believe many are here out of morbid curiosity; second, I feel that the jurors in the box can listen to the testimony better if not bothered by people in the courtroom. * * *"

In passing upon the question of whether or not the defendant was given a public trial the Circuit Court of Appeals of the Ninth Circuit uses the following language:

"We think the better doctrine is that it is not reversible error to exclude the spectators as was done by the order of the court in the case at bar, when there is no showing whatever that the defendant was prejudiced thereby, or deprived of the presence, aid, or counsel of any person whose presence might have been of advantage to him. The constitutional provisions for a public trial should be construed in a reasonable sense, and in view of the object thereby intended to be subserved. The mere denial of the literal right should not be held ground for reversing a judgment, unless it can be perceived that the defendant has been deprived of some benefit or advantage thereby.

"The only conceivable benefit the defendant might have been deprived of by the order of the court in this case was the presence in the courtroom of a crowd of idle, gaping loafers, whose morbid curiosity would lead them to attend such a trial, and the consequent embarassment and annoyance their presence might cause to the unfortunate girl who was called upon to testify to the story of the defendant's crime and her shame. Of the deprival of that benefit

the defendant has no legal ground to complain. The trial was not, by the order of the court, rendered a secret trial. In a sense it was still a public trial. In addition to the court and jury, there were present in the courtroom the officers of the court, the witnesses for the government and for the defendant, and the counsel for the respective parties, and no members of the bar were excluded. These constituted a sufficient number of the public to see that the plaintiff in error was fairly dealt with and not unjustly condemned."

In the case of *State* v. *Callahan*, 100 Minn. 63, 110 N. W. 342, it is held that, when it becomes apparent to the trial court that the due administration of justice is being impeded by the fact that the prosecuting witness in a rape case is being embarrassed by the presence of spectators, the court may temporarily clear the courtroom of all persons except court officials, counsel and witnesses, and this without infringing upon defendant's right to a public trial.

The cases of *State* v. *Johnson, Reagan* v. *United States,* and *State* v. *Callahan*, supra, tend as strongly to support the state's contention in the instant case as any that have been called to our attention.

The great weight of authority does not approve an order as sweeping as that made in the cases of *State* v. *Johnson* or *Reagan* v. *United States*. It will be observed that in the case of *State* v. *Johnson* the Supreme Court of Idaho stated that the friends of the defendant who desired to remain in the courtroom should not have been excluded.

The defendant cites and relies upon the following cases in support of his contention that he was denied a public trial: *People* v. *Hartman,* 103 Cal. 242, 37 P. 154, 42 Am. St. Rep. 108; *State* v. *Hensley,* 75 Ohio St. 255, 79 N. E. 462, 9 L. R. A. (N. S.) 277, 116 Am. St. Rep. 734, 9 Ann. Cas. 108; *State* v. *Marsh,* 126 Wash. 142, 217 P. 705; *People* v. *Murray,* 89 Mich, 276, 50 N. W. 995, 14 L. R. A. 809, 28 Am. St. Rep. 294; *People* v. *Yeager,* 113 Mich. 228, 71 N. W. 491; *People* v. *Letoile,* 31 Cal. App. 166, 159 P. 1057; *State* v. *Osborne,* 54 Or. 289, 103 P. 62, 20 Ann. Cas. 627; *Hill* v. *People,* 15 Mich. 351; *Williamson* v. *Lacy,* 86 Me. 80, 29 A.

943, 25 L. R. A. 506; *State* v. *Keeler,* 52 Mont. 203, 156 P. 1080, L. R. A. 1916E, 472, Ann. Cas. 1917E, 619. *Tilton* v. *State,* 5 Ga. App. 59, 62 S. E. 651; *Davis* v. *United States* (C. C. A.) 247 F. 394, L. R. A. 1918C, 1164; *People* v. *Greeson,* 230 Mich. 124, 203 N. W. 141; *Stewart* v. *State,* 18 Ala. App. 622, 93 So. 274; *Wade* v. *State,* 207 Ala. 1, 92 So. 101; *State* v. *Jordan,* 57 Utah, 612, 196 P. 565. These cases support or tend to support defendant's contention. We shall not attempt to review the cases from other jurisdictions cited on behalf of defendant because we are of opinion that the principles laid down in the case of *State* v. *Jordan,* supra, are controlling in this case.

The facts, as stated in the opinion of this court in the case of *State* v. *Jordan,* supra, are:

"After the jury had been impaneled and sworn, and before further proceedings were had in the trial of the case, the trial court ordered that 'All persons will be excluded from the courtroom during the trial, except those connected with the case, exclusive of witnesses.' Thereupon counsel for defendant asked for a public trial, when the court remarked: 'The court in such a case as this may exclude the public, and the court has excluded the public in this case.' It further appears that before proceeding with the trial the witnesses in the case were called, sworn, and admonished, and then excluded. No complaint is made of that. However, upon motion of the district attorney, the prosecutrix and her father, who was not a witness, were permitted to remain in the courtroom during the progress of the trial, when counsel for defendant again called the court's attention to the fact that 'every friend and relative of the defendant have been excluded from the courtroom, including his mother, and the father of the prosecuting witness has been permitted to stay here all the while.' The record further shows that at all times the defendant's counsel insisted that the defendant was being denied the constitutional right to a public trial, and duly excepted to the rulings of the court."

It will be observed that in both the Jordan Case and in this case the relatives and friends of the defendant were excluded while one of the relatives of the prosecutrix was permitted to remain in the courtroom. It is contended, however, on behalf of the state, that the order

in the instant case did not exclude the relatives and friends of the defendant. It is insisted that there is a distinction between an order excluding all persons "not directly interested in this case" and an order excluding "all persons not connected with the case." Abstractly it may be conceded that there is a distinction between the two orders, but the result of the order in this case, as in the Jordan Case, was to exclude the relatives and friends of the defendant during the progress of the trial. Nor can it well be contended that the trial court did not intend the order of exclusion in this case to include relatives and friends of the defendant. When the defendant testified that his relatives were present in the courtroom when the order of exclusion was made, no one suggested that the order did not include those relatives. So far as appears, every one connected with the trial of this case, including the presiding judge, considered that the order included defendant's relatives and friends. That such was the result of the order is shown by the record.

The fact that the order of exclusion was not made until after the prosecutrix had given her testimony in chief cannot aid the state. If, as was held in the case of *State* v. *Callahan,* supra, it was necessary to temporarily exclude spectators from the courtroom so that the trial ■ could proceed, and the order of exclusion went no further, we would not be disposed to hold such an order error. In this case, however, the order does not seem to have been made for such reason, and in any event it was continued in effect long after the occasion for the order had ceased.

The constitutional provision guaranteeing an accused person a public trial must be accorded a construction consistent with the rules laid down in Cooley's Con- ■ stitutional Limitations above quoted. Anything short of such requirements cannot well be said to be a public trial.

It is also contended on behalf of the state that the defendant was not prejudiced by the order complained of.

The same contention was made in the case of *State* v. *Jordan,* supra. This court there held against the contention made by the state and cited a number of decisions in support of the conclusion. For the same reasons the state must fail in its contention in this case that the order complained of was not prejudicial.

The defendant presented nineteen requests for instructions to the jury. Of these requests the trial court refused twelve. Error is assigned because of the refusal of the trial court to give each and all of the refused requested instructions. We have examined the instructions given by the court and find that they fully state the law applicable to the evidence in this case. The instructions given by the court are as favorable to the defendant as he was entitled to have given. In such case defendant may not be heard to complain because some of his numerous requests were refused.

Other errors are assigned but not argued in the briefs of counsel. Errors assigned but not argued are deemed waived.

From what has been said it follows that the defendant was denied a public trial and for that reason the judgment is reversed. This cause is remanded to the court below with directions to grant a new trial.

THURMAN, C. J., and CHERRY, STRAUP, and GIDEON, JJ., concur.