BENEDICT v. THE PEOPLE.

1. AMENDMENT OF RECORD.

The record in a criminal case may be so amended as to speak the truth in respect to the furnishing to the defendant, at or previous to the time of arraignment, with a copy of the information and a list of the jurors, and of the people's witnesses.

2. APPELLATE PRACTICE.

In order to obtain a review of a refusal to give instructions requested, the evidence must be properly preserved by a bill of exceptions.

3. INSTRUCTIONS.

Instructions substantially given in another portion of the charge may be refused.

4. PRACTICE IN CRIMINAL CASES—PUBLIC TRIAL.

The trial in a criminal case must be public, not secret. But a public trial does not necessarily contemplate that every person whose mor-

bid curiosity for indecent details draws him thither shall have that curiosity gratified by being permitted to be present in the court room to listen to their recital.

5. PRESUMPTIONS.

In the absence of a showing to the contrary, it will be assumed that an order excluding from the court room, during the progress of the trial of a criminal case, all persons except members of the bar, officers of court, students at law and witnesses in the case, was made at the request or with the consent of the accused.

*Error to the District Court of Gilpin County.*

Mr. J. McD. LIVESAY, for plaintiff in error.

THE ATTORNEY GENERAL and Mr. F. P. SECOR and Mr. L. W. DOLLOFF, of counsel, for the People.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

The defendant was tried and convicted of the infamous crime against nature and sentenced to the penitentiary. To reverse the judgment a number of errors are assigned, only three of which are argued by counsel for plaintiff in error, and they are the only ones that require consideration.

The point is made that the defendant was not furnished, previous to, or at the time of, his arraignment, with a copy of the information and a list of the jurors and of the people's witnesses, as the statute prescribes. As originally made up, the record does not affirmatively show that this requirement was observed. When, however, this imperfection in the record was called to its attention, the trial court, at the same term, and upon a showing made, ordered the record to be amended to speak the truth in this respect. The record, as now before us, shows that the statute was fully complied with in the particular mentioned. The right of the court thus to amend its own records is unquestioned, and, for aught that appears, there was abundant evidence before the court to justify the order directing the amendment to be made.

Another objection urged pertains to an alleged error of the court in refusing an instruction asked by defendant's coun-

sel based upon the supposed mental incapacity of the defend-ant to form a criminal intent at the time of the alleged offense. In order to raise this objection, the evidence must be prop-erly preserved by a bill of exceptions. But no bill has been filed in this court, and, so far as we know, none was tendered to the trial judge, or signed by him. Nevertheless, counsel for plaintiff in error seeks to evade this rule of practice, and avail himself of the objection in the following way: He filed a motion for a new trial upon the ground, *inter alia*, that the defendant was incapable of forming a criminal intent, and that an instruction asked by him, applicable to this issue, was improperly refused by the court. In support of this motion, he claims that he produced before the court the affidavits of three of the jurors to the effect that such was their belief as to the defendant's mental condition, and the clerk certifies that such affidavits were filed in the case.

Such a method of preserving the evidence is not only un-known to our practice, but certainly would not be tolerated by any reasonable rule of practice framed with a view to accuracy and good faith in the trial of causes. For this rea-son we might altogether ignore these affidavits; but an ex-amination of the record, incomplete as it is, discloses that there is no reason for a reversal upon this ground. Jurors cannot be permitted thus to impeach their own verdict by their own affidavits; and if an additional reason for resolv-ing this point against the plaintiff in error is necessary, it is to be found in the fact that this particular instruction (the refusal to give which is assigned as error) was in substance given by the court in another portion of its charge.

The remaining objection is that the defendant did not have a public trial. The fact that he did not is called to our atten-tion by what purport to be affidavits of some of the court officials, which the clerk certifies were filed in the case, in which it is stated that the court made an order excluding from the court room during the progress of the trial all per-sons except members of the bar, officers of the court, students at law, and witnesses in the case. These affidavits, also,

might be disregarded for the reason above given, and for the additional reason that such an order of the court is properly presented by a duly authenticated copy of the record, and not by affidavits. But if we waive these essential requirements, and consider this objection upon its supposed merits, it will be found that there is nothing in it.

In a criminal case the trial must be public, not secret. But a public trial does not necessarily contemplate that every person whose morbid curiosity for indecent details draws him thither shall have that curiosity gratified by being permitted to be present in the court room to listen to the recital of disgusting facts. Cooley's Const. Lim. (5th ed.), 380 (*312); 1 Bishop on Crim. Procedure, secs. 958, 959; *People v. Swafford*, 65 Cal. 223; *People v. Kerrigan*, 73 Cal. 222; *Grimmett v. The State*, 22 Tex. App. 36; *The State v. Brooks*, 92 Mo. 542.

If the order of exclusion was made as claimed by the counsel for the accused, we are satisfied that no prejudice was done to the defendant. The burden of showing error or prejudice rests upon one assigning it, and no attempt is made by the defendant to show that any objection to the order was made by him at the time, and in the absence of a contrary showing, under the general rule that the proceedings of a court of record are presumed to be regular, we are justified in assuming that it was made at the request, or with the consent, of the accused himself.

It follows that the judgment of the court should be affirmed, and it is so ordered.

*Affirmed.*