ARTHUR F. RHOADES v. STATE OF NEBRASKA.

FILED NOVEMBER 16, 1918.    No. 20684.

1. **Criminal Law: RAPE: CORROBORATION.** In a prosecution for rape, it is competent to prove, in corroboration of the complaining witness's testimony as to the main fact, that recently after the alleged outrage she made complaint to those to whom a statement of such

an occurrence would naturally be made;  but on direct examina-
tion such testimony should be confined to the bare fact that com-
plaint was made, and details of the event, including the identity
of the person accused, are not proper subjects of inquiry, unless
the complaint was a spontaneous, unpremeditated statement so
closely connected with the act as to be part of the *res gestæ*.

2. ————: TRIAL: EXCLUSION OF PUBLIC.  An order of the court in a
criminal trial, excluding from the courtroom that portion of the
general public present merely as listeners, is violative of section 11,
art. I of the Constitution, guaranteeing to the defendant a public
trial.

ERROR to the district court for Burt county:  ALEX-
ANDER C. TROUP, JUDGE.  *Reversed*.

*E. W. Simeral* and *B. C. Enyart*, for plaintiff in
error.

*Willis E. Reed, Attorney General*, and *Orville L.
Jones, contra*.

CORNISH, J.

Defendant, convicted of statutory rape upon a child
under the age of 18 years, brings error to this court.

The defendant did not testify.  The trial court, over
his objection, permitted the mother of the complaining
witness in her direct examination to give, in full, detail-
ed statements of the complaining witness going to show
sexual relations between her and the defendant, and
also statements touching their general relations, not
sexual.  This was error, and, under the circumstances
of this case, where, as shown by the record, evidence
of the *corpus delicti* was slight was prejudicial to the
rights of the defendant.  The rule in such case is stated
in the second paragraph of the syllabus in *Henderson
v. State*, 85 Neb. 444.

When the complaining witness was called to testify,
the court, after conferring with the witness, and be-
cause of the delicate nature of her testimony, ordered
that those present merely as listeners retire from the
courtroom until authorized to return.  This was ob-

jected to as a denial to the defendant of his right to a public trial, guaranteed by section 11, art. I of the Constitution. We are of opinion that this objection should have been sustained. Under the constitutional provision, the general public, as such, cannot be excluded. The public is admitted so that it may know that the accused is fairly dealt with and so that his triers will be keenly alive to a sense of their responsibility. Reasonable restrictions, for want of space, upon the number admitted are permissible; also upon persons of immature years where the evidence relates to scandalous, indecent or immoral matters. When those present conduct themselves in a manner tending to obstruct justice, or tending to give either the state or the defendant an unfair trial, the courtroom may be cleared of them. Other occasions may arise when, in the discretion of the court, such order would be permissible. It is difficult to say that the court's order in this instance did not exclude the general public. 8 R. C. L. p. 75, secs. 29, 30,

The court properly refused defendant's requested instruction No 1, substantially to the effect that, if the evidence of any particular witness is reconcilable with innocence upon any reasonable hypothesis, it should not be given a criminal meaning. The rule invoked applies to the testimony as a whole, and is limited in its application to circumstantial evidence. *Casper v. State,* 100 Neb. 367.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.