230    SUPREME COURT OF INDIANA,

Cincinnati, etc., R. Co. v. Cleveland, etc., R. Co.—188 Ind. 230.

The Cincinnati, Richmond and · Fort Wayne
Railroad Company v. The Cleveland, Cin-
cinnati, Chicago and St. Louis
Railroad Company.

[No. 23,229.    Filed April 18, 1919.]

1. Deeds.—*Right of Way.*—*Evidence.*—*Acts and Declarations of Parties.*—*Construction.*—Where a deed conveying a right of way to a railroad company is silent as to the width thereof, in litigation concerning such right of way in which the width is important the contemporaneous acts and declarations of the parties to the deed, and also their subsequent acts performed before a controversy arises, are admissible to fix such width. p. 235.

2. Deeds.—*Right of Way.*—*Failure to Fix Width.*—*Action.*—*Evidence.*—*Plat of Adjoining Tract.*—Where the same deed conveyed from the grantor to the defendant railroad company's predecessor a right of way through two adjoining tracts of land without specifying the width of such right of way, a plat of the tract adjoining the one in controversy which showed such width, and which was filed for record two years after the execution of the deed but many years before the controversy arose, was properly admitted in evidence in an action involving the width.    p. 236.

3. Dedication.—*Public Streets.*—*Effect as to Land Previously Sold.*—A grantor's conveyance by quit-claim deed of a right of way across unplatted land to a railroad company that was authorized, under Local Laws 1848 p. 176, to receive land in fee for such purpose, vested a fee-simple title thereto in the company, and, though the width of such right of way was not specified, where the parties understood and intended it to be eighty feet, the grantor was without authority to dedicate such right of way as a part of a street in a subsequent plat of adjoining land.    p. 237.

4. Municipal Corporations.—*Streets.*—*Establishment by Public User.*—*Railroad Right of Way.*—Where a grantor conveyed by quit-claim deed a right of way to a railroad company in fee simple, without specifying the width thereof, but the parties understood and intended the width to be eighty feet, and the company and its successor were in undisturbed possession thereof for more than forty years, using it for its tracks and for loading and unloading cars, etc., the fact that the public, as well as persons having business with the railroad company,

Cincinnati, etc., R. Co. *v.* Cleveland, etc., R. Co.—188 Ind. 230.

drove over a part of it does not show a use that is either exclusive or adverse so as to establish a street by public user. p. 239.

From Delaware Circuit Court; *Frank Ellis,* Judge.

Suit by the Cincinnati, Richmond and Fort Wayne Railroad Company against the Cleveland, Cincinnati, Chicago and St. Louis Railroad Company. From a judgment for the defendant, the plaintiff appeals. *Affirmed.*

*Roscoe D. Wheat, Frank B. Jaqua* and *Orr & Clark,* for appellant.

*Frank L. Littleton, Charles P. Stewart* and *Macey, Nichols & Bales,* for appellee.

MYERS, J.—This was a suit by appellant against appellee, whereby the former sought to enjoin the latter from further entering upon its land and doing the things necessary for the permanent laying of a railroad switch track thereon; for a mandate requiring appellee to remove that part of the track in course of construction and to require it to restore the premises to its former condition.

The complaint was in one paragraph. The cause was tried by the court; special findings of fact were made, conclusion of law was stated thereon, and judgment was rendered in favor of appellee. The appellant's motion for a new trial was overruled, and this ruling is the only error assigned. The specifications relied on in support of this motion are: (1) The decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law; (3) the court erred in admitting in evidence, over objections by appellant, the plat of an extension of Mumma's addition to the city of Winchester, Indiana; and (4) error of the court in refusing to strike out this plat.

The questions here for decision make it unnecessary for us to set out the substance of the complaint, as the special findings furnish the basis for the controlling features in this case. Briefly stated, these findings show that on May 26, 1851, John Mumma was the owner of certain real estate adjoining the town of Winchester as originally laid out, and on that day conveyed by deed to the Indianapolis and Bellefontaine Railroad Company the right of way for a railroad east and west over the same. On June 9, 1851, Mumma platted a certain portion of this real estate as an addition to the town of Winchester. The ground thus platted abutted both sides of the right of way so deeded to the railroad company. On this plat the blocks, lots and streets are shown. The width and names of the streets are given, and the size of the lots are designated in figures. Block No. 3 is described as being 169 feet east and west and eighty feet north and south, and is in possession of appellant as owner through successive conveyances from Mumma. This block abuts Meridian street on the east, Pearl street on the south, an alley on the west, and so-called Railroad avenue on the north. As shown on the plat, Meridian street is eighty-two feet wide, Pearl street is sixty-six feet wide, the alley twelve feet wide and Railroad avenue 110 feet wide, and embraces the tract of the Indianapolis and Bellefontaine Railroad. On this plat block No. 3, and others east and west of it, are designated as Commercial Row. On October 18, 1853, Mumma made an additional plat which included real estate belonging to him adjoining both sides of the right of way of the Indianapolis and Bellefontaine Railroad Company, and immediately to the east and adjoining the real estate which he had platted on June 9, 1851. This plat was filed and recorded and is known as "Mumma's Extension." The right of way of the Indianapolis and Bellefontaine Railroad Company ex-

NOVEMBER TERM, 1918.        233

Cincinnati, etc., R. Co. *v.* Cleveland, etc., R. Co.—188 Ind. 230.

tends from the west to the east across the said extension, and is continuous with that portion of the right of way of the said railroad which crosses the plat of 1851; and the south line of said right of way, as shown on the plat of 1853, is a continuous line with the south line of the right of way as it appears on the plat of 1851. That the said right of way as it appears on the plat known as Mumma's Extension is eighty feet in width; that in the years 1851-52, Mumma's grantee of said right of way entered upon the same and constructed thereon a main track, and to the south thereof a sidetrack; that these tracks were constructed over the south eighty feet of Railroad avenue; that thereafter appellee became the successor and owner of all the rights, property and privileges of the Indianapolis and Bellefontaine Railroad Company, situate and shown on said plat as Railroad avenue and immediately north of block No. 3; that since the construction of said main track and sidetrack, appellee and its predecessor have been continuously in possession of the eighty feet of ground north of the south line of Railroad avenue and abutting block No. 3, and during all of that time they have continuously occupied and used the same; that for more than thirty years appellee has used the space between its tracks and block No. 3 for a coalhouse, toolshed, and as a place for the storage of materials for use in the repair and construction of its railroad, as also by its customers and shippers for the purpose of loading and unloading cars; that in the year 1885 appellee constructed on the passageway between its sidetrack and block No. 3, and near the northwest corner of block No. 3, a telegraph and interlocking tower which obstructed and closed this way for the use by teams; that no part of the south eighty feet of Railroad avenue throughout its entire length was ever in any manner improved by the public, or by the town or city officials of Winchester; that

the rails of the tracks so constructed as aforesaid within Railroad avenue projected above the grade on which they were laid, rendering it unsafe and inconvenient to drive over with teams; that in the year 1906 the city of Winchester improved the north thirty feet of Railroad avenue, from the east side of Meridian street to the west side of Main street, with a brick pavement for which appellee's right of way was assessed benefits, which it paid. Main street is the first street east of Meridian street and intersects Railroad avenue. For more than forty years prior to the bringing of this suit appellee maintained upon the south side of Railroad avenue and to the east of Meridian street a third track known as the "Commercial" or "Stub" track, which extended from the east end of Railroad avenue to the east side of Meridian street, and was continuously used by appellee as a loading and unloading track, especially for the purpose of loading and unloading from and into the buildings located on the south side of, and abutting upon, said Railroad avenue, which buildings were owned and used by divers persons and corporations; that some of these buildings were owned by appellant and occupied by its tenants; that this use of the third track was without objection on the part of appellant; that in May, 1914, appellee extended said third track to the west across Meridian street and south of the sidetrack to a point near the telegraph and interlocking tower, and over the ground theretofore continuously used by it and its customers; that appellee and its predecessor, since May 26, 1851, has been in open, notorious, exclusive, uninterrupted and adverse possession under color of title of the south eighty feet of Railroad avenue as laid out on the plat, and especially that part located to the west of Meridian street north of block No. 3, which is the real estate in controversy; that appellee at the time of bringing this suit was not, nor since that time has it en-

gaged in, digging up the soil or engaged in laying a switch track, nor has it laid any switch track upon block No. 3, the property of appellant. Upon these findings the court concluded that the law was with appellee; that the temporary restraining order should be dissolved.

We will consider the questions presented in their reverse order, and, in doing so, our attention will first be directed to the ruling of the court in admitting in evidence a certified copy of the plat of John Mumma's extension to Mumma's addition to Winchester.

It appears that the plat in question was acknowledged and filed for record by Mumma in the recorder's office of Randolph county on October 18, 1853, as

1. an extension, to the east, of his former addition.

It shows a strip of land eighty feet wide running east and west across the land so platted on which appears the name "Indianapolis & Bellefontaine Railroad Company." The south line of this strip, if extended west, would be the south line of Railroad avenue in the original plat, and the north line, if extended west, would be thirty feet south of the north line of Railroad avenue. Nothing is said in the deed from Mumma to the Indianapolis and Bellefontaine Railroad Company as to the width of the right of way so conveyed. In a case like this, where the width of a right of way may be of some importance or is questioned, and the instrument or deed thereto does not fix the width, the contemporaneous declarations and acts of the parties with reference to the same, as also subsequent acts if performed before a controversy arises, are admissible to fix such width. *Indianapolis, etc., R. Co.* v. *Lewis* (1889), 119 Ind. 218, 21 N. E. 660; *Indianapolis, etc., R. Co.* v. *Reynolds* (1888), 116 Ind. 356, 19 N. E. 141; 2 Elliott, Contracts §1538. Such declarations or acts are admitted on the theory that they tend to show how the parties under-

236   SUPREME COURT OF INDIANA,

Cincinnati, etc., R. Co. *v.* Cleveland, etc., R. Co.—188 Ind. 230.

stood the contract and may furnish a practical construction of it.   2 Elliott, Contracts §1538.

While the plat in question did not include the particular strip of land in controversy, yet the same deed gave the right of way over the land covered by both plats.   Under the circumstances shown by this record, the making and recording of the last plat by Mumma, fixing the location and width of the "right of way," must be regarded as indicating to his grantee the width of the strip thus conveyed, not only over that particular tract, but over the land adjoining it on the west.   The plat was properly admitted. *Rodgers* v. *Pittsburgh, etc., R. Co.* (1917), 255 Pa. St. 462, 100 Atl. 271; *Fraley* v. *Fraley* (1909), 150 N. C. 501, 506, 64 N. E. 381; *Powers* v. *World's Fair Mining Co.* (1906), 10 Ariz. 5, 86 Pac. 15.

As we see this case, the controlling question is whether or not block No. 3 owned by appellant abuts on the south the right of way of appellee, or a public street known as Railroad avenue.   If Railroad avenue for its entire width of 110 feet is a public street, and appellant is the owner of the servient estate to the center thereof, as it claims, then the judgment from which it appeals must be reversed, but, if appellee is the owner in fee simple of the south eighty feet and abutting block No. 3, as claimed by it, then the judgment must be affirmed.

The special findings of the trial court support the contention of appellee, but appellant insists that the evidence does not support the findings, and that the decision of the trial court is contrary to law.   Appellant first makes the point that appellee by its proposed use of the street is taking appellant's property without due process of law in violation of the fifth and fourteenth amendments to the federal Constitution, and, second, that the proposed use will destroy one of its means of ingress and egress to its property without

Cincinnati, etc., R. Co. v. Cleveland, etc., R. Co.—188 Ind. 230.

just compensation first assessed and tendered, in violation of §21, Art. 1, of the Constitution of Indiana. Our conclusion on other questions here presented renders a discussion of these constitutional provisions unnecessary.

It is conceded that both parties to this appeal derived title to their respective parcels of land from a common source. John Mumma, being the original owner of all this land, on May 26, 1851, by quitclaim deed released to appellee's predecessor "the right of way" for a railroad over the northeast quarter of section No. 20, township No. 20, north, range No. 14, not included in the original plat of the town of Winchester, nor in a four-acre lot owned by one Smith. Shortly thereafter Mumma's grantee, the Indianapolis and Bellefontaine Railroad Company, constructed a railroad over this land, and along the line on which appellee's tracks are now located.

The Bellefontaine company was incorporated under an act of the general assembly of this state, approved February 17, 1848. Local Laws 1848 p. 176. Section 16 of this act authorizes the construction of the railroad; §18 authorizes it to receive from persons land necessary for the construction or location of its road; and §21 provided that: "When said company shall have procured the right of way as hereinbefore provided, it shall be seized in fee simple of the right to said land, and shall have the sole use and occupation of the same."

The trial court found, and the evidence supports the finding, that while Mumma owned the unplatted land he quit-claimed a railroad right of way across the same to a company authorized by law to accept land for that purpose. The executed deed had the effect to vest the fee-simple title in the company. Laws 1848, *supra*. The findings supported by evidence also show that the first plat was not made until

after the execution of the deed from Mumma to the railroad company. Under this state of facts, it is quite clear that Mumma was not the owner of all the land covered by the plat at the time it was filed, and any attempt by him to dedicate to the public any other than his own was without authority and ineffective for any purpose. *Earll* v. *Chicago* (1891), 136 Ill. 277, 26 N. E. 370; *Hague* v. *Inhabitants, etc.* (1873), 23 N. J. Eq. 354; *Bruce* v. *Seaboard, etc., Railway Corp.* (1906), 52 Fla. 461, 467, 41 South. 883; *State, ex rel.* v. *Morgan's, etc., Steamship Co.* (1903), 111 La. 120, 35 South. 482; *City of Detroit* v. *Detroit, etc., R. Co.* (1871), 23 Mich. 173; *McShane* v. *City of Moberly* (1883), 79 Mo. 41; *Ward* v. *David* (1850), 3 Sandf. (N. Y. Super.) 502.

We have no fault to find with appellant's contention that the owner of a tract of land is held to dedicate such portion thereof as is designated for public use on a recorded plat with reference to which he sells lots. *Miller* v. *City of Indianapolis* (1890), 123 Ind. 196, 24 N. E. 228. But the facts before us make an entirely different case, for here it appears from the evidence and the findings that the north thirty feet only of Railroad avenue Mumma was authorized to dedicate to the public, and that the eighty feet opposite and abutting on the north line of block No. 3 was for more than forty years in the undisturbed possession of appellee and its predecessor; that this same eighty feet was taken possession of by the Indianapolis and Bellefountaine Railroad Company in the year 1851, and it, and its successor, have continuously used this strip of ground from that time until the present as a private right of way. Under the evidence in this cause and the provisions of the act of February 17, 1848, it seems clear that the release executed by Mumma to appellee's predecessor must be construed as giving to appellee the fee-simple title to the south eighty feet of Railroad avenue.

The further contention of appellant that a highway over the strip of ground in question has been established by public user is not supported by the findings or

4. evidence. The fact that the public, as well as persons having business with the railroad company, drove over that part of the right of way which was used for the purpose of loading and unloading cars does not show a use that is either exclusive or adverse. *Baltimore, etc., R. Co.* v. *City of Seymour* (1899), 154 Ind. 17, 55 N. E. 953, and authorities cited; *Cannon* v. *Cleveland, etc., R. Co.* (1901), 157 Ind. 682, 62 N. E. 8.

Upon a careful review of the evidence, we hold that it supports the findings, and that the findings justify the conclusions of law. There was no error in overruling appellant's motion for a new trial. The judgment is affirmed.

NOTE.—Reported in 123 N. E. 1. Railroads: estate or interest acquired in land purchased for right of way, Ann. Cas. 242, 13 Ann. Cas. 432, Ann. Cas. 1916E 763, 33 Cyc 168. See under (1, 2) 18 C. J. 282; (4) 28 Cyc 835.