### Sallie et al. v. State.

(Division B. Nov. 25, 1929. Suggestion of Error Overruled Jan. 6, 1930.)

[124 So. 650. No. 28195.]

Valentine & Valentine, of Cleveland, for appellants.

**Forrest B. Jackson,** Assistant Attorney-General, for the state.

Argued orally by **W. W. Simmons**, for appellant, and by **Forrest B. Jackson**, Assistant Attorney-General, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellants were indicted, tried, and convicted for an attempt to rape one May. Dobbins forcibly and against her consent, under section 1151 of Hemingway's Code of 1927 (section 1359, Code of 1906). On conviction they were sentenced to serve ten years in the state penitentiary, from which judgment they appeal here.

The first assignment of error is that the evidence is insufficient to sustain the conviction. We have carefully examined the evidence contained in the record, and think it is sufficient to establish the offense, and deem it unnecessary to set out the facts relating to the offense, as they are very salacious and obscene and would serve no public good.

It is next assigned that the court erred in excluding the general public from the trial. When the cause came on for trial, the district attorney moved the court to exclude from the courtroom all persons not necessary to the conduct of the trial on account of the nature of the

evidence that would be required in the case by the prosecuting witnesses, two young ladies. The court sustained this motion over the objection and exception of the appellants. Section 26 of the State Constitution 1890 reads as follows:

"In all criminal prosecutions the accused shall have a right to be heard by himself or counsel, or both, to demand the nature and cause of the accusation, to be confronted by the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in all prosecutions by indictment or information, a speedy and public trial by an impartial jury of the county where the offense was committed; and he shall not be compelled to give evidence against himself; but in prosecutions for rape, adultery, fornication, sodomy or the crime against nature the court may in its discretion, exclude from the courtroom all persons except such as are necessary in the conduct of the trial."

It is the contention of the appellants that the naming of the offenses or trials at which the court may, in its discretion, exclude persons from the courtroom or pronounce not necessary to the trial, precludes the operation of the rule of exclusion in the present case, under the rule that, where the Constitution enumerates certain things that it is presumed to have enumerated all of the things to be included in the exception. The rule is as stated, and the court will not ingraft exceptions upon it, and it remains to be determined whether the appellants could be tried and convicted of the offense for which they were convicted under an indictment charging them with rape. If so, it would come within the express rule of exclusion, for it is what may be done under an indictment charging an offense within the exception; that is, in cases in which the court may, in its discretion, exclude persons where the case falls within that principle. By

section 1320, Hemingway's 1927 Code (section 1499, Code of 1906), it is provided:

"On an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose."

Under this section the indictment for rape includes a charge of an attempt to commit the offense as well as the commission of the principal offense, and it necessarily follows that on a charge of rape the court could try and convict the defendant of an attempt to commit a rape without having an express count in the indictment charging the attempt. Therefore it follows that the court, on the trial for an attempt to commit rape, could exclude from the courtroom all persons not necessary for the trial of the offense under such indictment. It appears to us that it would be absurd to say that this could be done under an indictment charging rape, which also, by the terms of law, charge an attempt to commit that rape, and that it could not be done where the indictment, as in the present case, merely charges the attempt without charging the principal crime or the completed offense.

Under this statute, section 1320 of Hemingway's 1927 Code (section 1499, Code of 1906), the court may, on trial of a person charged with the attempt, exercise its discretion the same as in the charge of the principal crime. The provision for the exclusion of persons in the crime named applies with equal force to attempts as well as to the principal crime. In very many cases the evidence would largely be the same; the only difference being the proof with reference to penetration in a case of rape. The general public policy evidenced by the Con-

stitution and by the statute referred to embraces attempts necessarily. Therefore we find the assignment of error with reference to this charge is not well taken. There was no showing in the course of the trial, or by motion for a new trial after it was completed, that the court abused its discretion, or that the appellants were prejudiced thereby. Taking the evidence as quoted in the record, and even that part admitted by the defendants themselves, it is far more likely that a public trial, by having all persons who desired to do so attend the trial, might have resulted injuriously to the defendants, rather than have been a help. We do not undervalue the constitutional protection of a public trial, and well know that it is for the benefit of the accused; and in many cases it results in dissipating the hurtful influence to a defendant that is brought upon him by the charge and by an exacting or formulated public opinion; it makes every person more careful to follow the law and justice, but it is not every case that must be reversed because the judge exercises his discretion under the Constitution. Many authorities treat the question as though the court had a limited discretion where there are no exceptions within the provision, and the court may exclude minors and the merely curious from such trials as involve public scandal, obscenity, and indecency. We do not find it necessary to go into a decision upon this proposition in the present case, as we think the statute referred to above justifies the court in the exercise of its discretion to exclude the public in the present case; that is, such part as, in the judgment of the court, would be best for the general welfare. This power of exclusion, of course, must be exercised with discretion, and the court should be careful before making such an order. In the case before us, however, we think the action of the court was proper.

We have examined the several assignments of error with reference to modification and instructions, and the refusal of instructions for the appellants, and the giving of instructions for the state, and are of the opinion that there is no merit in any of the assignments, and that it is unnecessary to discuss them in detail. It follows from all we have said that the judgment of the court below must be affirmed.

Affirmed.