852

## SAWYER v. DUFFY.
### No. 24690.

District Court, N. D. California, S. D.

May 23, 1945.

Fred D. Goss, of San Rafael, Cal., for petitioner.

Robert W. Kenny, Atty. Gen., of California, and David K. Lener, Deputy Atty. Gen., for respondent.

ST. SURE, District Judge.

Petitioner, who is confined in the California State Prison at San Quentin, has filed a verified petition for a writ of habeas corpus upon the ground that he was denied a public trial as provided for by the VI Amendment to the Constitution of the United States.

On September 24, 1936 petitioner was convicted in the Superior Court of the State of California in and for the County of Los Angeles for violation of § 288 of the Penal Code of the State of California (exciting lust of child under age of fourteen). It is alleged in the petition that "before the said trial commenced the Judge asked petitioner if he wished the courtroom cleared; petitioner replied that he wished to have the witnesses excluded but not the spectators; this same question was asked petitioner three times and the same answer given three times, and petitioner alleges that on the last occasion of such asking, petitioner's attorney, namely John J. Hill, Esq., stated to him that if he kept insisting on his right to a public trial he would be without counsel. Whereupon, petitioner stated to the Judge that since his attorney wished it that way there was nothing he could do. Thereafter said trial, as stated above, was had in closed court over petitioner's objections."

It is also alleged in the petition that "an application for a Writ of Habeas Corpus was filed in the Superior Court of the State of California in and for the County of Marin on July 27, 1944; in the District Court of Appeal in the State of California, in and for the First Appellate District, Division One, on August 29, 1944, and in the Supreme Court of the State of California on November 14, 1944; that all of said Writs were denied."

Respondent objects to the jurisdiction of this court and cites as authority a case decided by this court on April 19, 1941, J. Frank Hogue v. Clinton T. Duffy, Warden, San Quentin Penitentiary,[1] No. 23463-S, in which this court said: "The petitioner is confined at San Quentin under state process. Under such circumstances the law is settled that even where a defendant has exhausted his state remedies, the United States District Courts will ordinarily not interfere by habeas corpus, but will leave him to take his case direct to the United States Supreme Court. Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Urquhart v. Brown, 205 U.S. 179, 181, 27 S.Ct. 459, 51 L.Ed. 760; Mooney v. Holohan, D.C., 7 F.Supp. 385, 390; Ex parte Jefferson, 9 Cir., 106 F.2d 471." That case may be distinguished from the case at bar. In that case the petition for writ of habeas corpus was denied by the State Supreme Court on March 17, 1941, and petitioner filed his petition for a writ of habeas corpus in this court on April 18, 1941. By statute (28 U.S.C.A. § 350) peti-

---

[1] No opinion for publication.

tioner had three months within which he might appeal direct to the Supreme Court of the United States, but he chose to apply to this court, and under the cases cited the court refused jurisdiction. In the present case the three month period allowed for appeal to the Supreme Court of the United States has elapsed and petitioner would be remediless if not allowed to file in this court. Ex parte Hawk, 321 U.S. 114, 117, 118, 64 S.Ct. 448, 88 L.Ed. 572. I am therefore of the opinion that this court has the right to entertain this petition.

Since the VI Amendment to the Constitution of the United States does not apply to trials in state courts, Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595, no federal question is presented. And even if the VI Amendment did apply, in cases of the type upon which petitioner was convicted, it has been held that the court may properly exclude the spectators from the trial without prejudice to the defendant. People v. Swafford, 65 Cal. 223, 3 P. 809; Reagan v. United States, 9 Cir., 202 F. 488, 490, 44 L.R.A.,N.S., 583; Callahan v. United States, 9 Cir., 240 F. 683.

Therefore, upon the hearing of the return to the order to show cause, and after due consideration of the entire matter the petition for writ of habeas corpus will be denied and the order to show cause will be discharged.