38 N.J. Super. 250 (1955)
118 A.2d 707
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANCIS HASKINS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 7, 1955.
Decided November 23, 1955.
*251 Before Judges CLAPP, JAYNE and FRANCIS.
*252 Mr. Myron W. Kronisch argued the cause for the State (Mr. Charles V. Webb, Jr., Prosecutor).
Mr. Leslie S. Kohn argued the cause for defendant-appellant (Mr. Joseph A. Fuerstman, attorney and on the brief; Mr. Samuel Press, of counsel).
The opinion of the court was delivered by CLAPP, S.J.A.D.
The appellant, Francis Haskins, was convicted on four indictments, charging him respectively with private lewdness, fornication, receiving the earnings of a prostitute, and maintaining a place for purposes of prostitution. We need give no consideration to another defendant who does not appeal. Haskins' main ground of appeal is that he was deprived of his right to a public trial.
It appears from a supplemental record (prepared by the trial court pursuant to our order, R.R. 1:6-6) that before the trial began, the court was advised by the legal assistant representing the State, that this was a vile sex case. Thereupon the trial judge, addressing counsel, indicated that it was his intention to clear the courtroom of people who did not belong there. There was no objection from counsel. He thereafter said to the sergeant-at-arms, but in a voice sufficiently loud to be heard by Haskins (Haskins declares he had not heard the Judge's prior statement of intention);
"Mr. Hyland, will you clear the courtroom of all people except witnesses in this case."
The supplemental record discloses that the judge apparently did not mean this; he seems to have intended to exclude all persons except witnesses, members of the press, attorneys and close relatives of the defendant. However he apparently would have excluded defendant's friends.
The New Jersey Constitution, Art. I, par. 10, guarantees a public trial in these words:
"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury * * *."
*253 The authorities on the question are divided. One line of authority holds or indicates that, even though the case is (as this is) of an indecent nature, the constitutional guaranty stands as a mandate against the exclusion from the courtroom of members of the public. Certain exceptions are recognized by these authorities (see State v. Genese, 102 N.J.L. 134, 142 (E. & A. 1925); Comment, Public Trial in Criminal Cases, 52 Mich. L. Rev. 128, 136 (1953)); but none is pertinent here.
In support of this view, see United States v. Kobli, 172 F.2d 919 (3rd Cir. 1949, all six circuit judges sitting); Tanksley v. United States, 145 F.2d 58, 60, 156 A.L.R. 257 (9th Cir. 1944); Davis v. United States, 247 F. 394, L.R.A. 1918C, 1164 (8th Cir. 1917); People v. Hartman, 103 Cal. 242, 37 P. 153 (Sup. Ct. 1894); Tilton v. State, 5 Ga. App. 59, 62 S.E. 651, 654 (Ct. App. 1908) (proper to exclude minors and women); People v. Yeager, 113 Mich. 228, 71 N.W. 491 (Sup. Ct. 1897); State v. Keeler, 52 Mont. 205, 156 P. 1080, L.R.A. 1916E, 472 (Sup. Ct. 1916); Rhoades v. State, 102 Neb. 750, 169 N.W. 433 (Sup. Ct. 1918); State v. Hensley, 75 Ohio St. 255, 79 N.E. 462, 9 L.R.A., N.S., 277 (Sup. Ct. 1906); State v. Osborne, 54 Or. 289, 103 P. 62 (Sup. Ct. 1909); cf. People v. Jelke, 308 N.Y. 56, 123 N.E.2d 769 (Ct. App. 1954)  the decision depends in part on a New York statute; Wade v. State, 207 Ala. 1, 92 So. 101 (Sup. Ct. 1921). See Note, Accused's Right to a Public Trial, 49 Col. L. Rev. 110, 117 (1949). The two most recent cases, United States v. Kobli, supra, and People v. Jelke, supra, are strong authorities for the views they express.
There are, however, other cases which construe the word "public" less rigorously,  that is, as meaning "not secret." Thus in the following decisions it was held not improper to admit only the following persons to the courtroom: Reagan v. United States, 202 F. 488, 490, 44 L.R.A., N.S., 583 (9th Cir. 1913)  witness, court officers and all members of bar; Sawyer v. Duffy, 60 F. Supp. 852, 853 (D.C.N.D. Cal. 1945); Keddington v. State, 19 Ariz, 457, 172 P. 273 *254 L.R.A. 1918D, 1093 (Sup. Ct. 1918)  witnesses, defendant's relatives and reporters; Benedict v. People, 23 Colo. 126, 46 P. 637 (Sup. Ct. 1896)  lawyers, law students, court officers and witnesses; Robertson v. State, 64 Fla. 437, 60 So. 118, 119 (Sup. Ct. 1912)  all persons directly interested in the case; State v. Johnson, 26 Idaho 609, 144 P. 784, 785 (Sup. Ct. 1914)  all persons other than spectators; State v. McCool, 34 Kan. 617, 9 P. 745, 747 (Sup. Ct. 1886)  all persons other than ladies; State v. Croak, 167 La. 92, 118 So. 703, 705 (Sup. Ct. 1928)  including those specially requesting admittance; State v. Nyhus, 19 N.D. 326, 124 N.W. 71, 27 L.R.A., N.S., 487 (Sup. Ct. 1909)  jurors, court officers, attorneys, litigants, witnesses and persons whom the parties may request to remain; Grimmett v. State, 22 Tex. App. 36, 2 S.W. 631 (Ct. App. 1886); State v. Smith, 90 Utah 482, 62 P.2d 1110, 1115 (Sup. Ct. 1936)  witnesses, members of bar, press, relatives, intimate friends (counsel consenting); State v. Holm, 67 Wyo. 360, 224 P.2d 500, 508 (Sup. Ct. 1950)  witnesses, interested parties, friends; cf. Hogan v. State, 191 Ark. 437, 86 S.W.2d 931, 932 (Sup. Ct. 1935)  exclusion for ten minutes because of ten-year-old prosecutrix' embarrassment; Moore v. State, 151 Ga. 648, 108 S.E. 47 (Sup. Ct. 1921); Sallie v. State, 155 Miss. 547, 124 So. 650 (Sup. Ct. 1929); State v. Damm, 62 S.D. 123, 252 N.W. 7, 10, 104 A.L.R. 430 (Sup. Ct. 1933)  exclusion during examination of 13-year-old prosecutrix who had commenced to cry; State ex rel. Baker v. Utecht, 221 Minn. 145, 21 N.W.2d 328, 331 (Sup. Ct. 1946)  only unusual circumstances would justify exclusion of part of public, even temporarily; 6 Wigmore, Evidence (3rd ed. 1940), § 1835, p. 338; Radin, Right to a Public Trial, 6 Temple L.Q. 381 (1931); Comment, 35 Mich. L. Rev. 474 (1937). The precise effect of the due process clause upon the issue at hand is not settled. Re Oliver, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1947); Melanson v. O'Brien, 191 F.2d 963, 965 (1st Cir. 1951); Commonwealth v. Blondin, 324 Mass. 564, 87 N.E.2d 455, 460-461 (Sup. Jud. Ct. 1949).
*255 As the above authorities hold, a public trial serves as a very salutary restraint upon gross abuses of the judicial power, upon lesser evils, such as indolence or a petty arbitrariness on the part of the judge and  by exposing witnesses to the eyes and the ears of the public  upon any tendency toward mendacity on their part. There are incidental virtues. By adding a certain formality and solemnity to the trial, it brings to lawyers, and to the jury also, a sense of their responsibility; and by enabling the community to know what the courts are doing, it gives a community confidence in its courts. Other courts, having in view that these considerations (and others which might be mentioned) are of a general nature, hold that there is no harm in making an exception for an occasional case such as this; they are mindful of the offensiveness of allowing an affair of justice in such a sordid matter to become an exhibition before the idle and the prurient. But it is not to be overlooked that we are concerned, not with the courts' own sentiments on the subject under the immediate circumstances, but with a general mandate of the Constitution resting on the long experience of the law.
In this case we need not pursue the matter further, nor decide which line of authority is controlling. Even if we felt free to disregard the trial judge's words and to limit our consideration to that which he meant to say, we find he would have excluded from the courtroom defendant's friends. Furthermore, we find from an affidavit submitted when the case first came before us, that the sergeant-at-arms, putting his own construction on the judge's words, excluded all persons not connected with the trial except lawyers and members of the press. It is generally conceded by all authorities that it is error to exclude defendant's friends. Re Oliver, 333 U.S. 257, 272, 68 S.Ct. 499, 92 L.Ed. 682 (1947); People v. Stanley, 33 Cal. App. 624, 166 P. 596, 598 (Dist. Ct. App. 1917); Tilton v. State, 5 Ga. App. 9, 62 S.E. 651 (Ct. App. 1908); Commonwealth v. Blondin, 324 Mass. 564, 87 N.E.2d 455, 460 (Sup. Jud. Ct. 1949)  statute admitting to courtroom only persons having a direct *256 interest was construed to include friends of defendant who might lend him comfort; People v. Jelke, 308 N.Y. 56, 123 N.E.2d 769, 774 (Ct. App. 1954)  a public trial must include not only friends, but also other persons; State v. Jordan, 57 Utah 612, 196 P. 565, 567 (Sup. Ct. 1921).
However, in the present case we must have regard for the judge's order calling on the sergeant-at-arms to clear the courtroom of all people except witnesses in the case. The sergeant-at-arms made no statement to anyone as to how the judge's order was to be executed. The result is that we have no means whatever of knowing who felt obliged to leave the courtroom because of the judge's audible order. We conclude that the order constitutes error.
But according to the State, the law requires the defendant to establish prejudice. We think not. If this were so, the guaranty of a public trial would be practically destroyed; for, as it has been said repeatedly, it would be difficult, if not impossible, for a defendant to make out prejudice. United States v. Kobli, 172 F.2d 919, 921 (3rd Cir. 1949); Tanksley v. United States, 145 F.2d 58, 59, 156 A.L.R. 257 (9th Cir. 1944); Davis v. United States, 247 F. 394, 398, 399, L.R.A. 1918C, 1164 (8th Cir. 1917); People v. Hartman, 103 Cal. 242, 37 P. 153 (Sup. Ct. 1894); People v. Byrnes, 84 Cal. App.2d 72, 190 P.2d 290, 294 (Dist. Ct. App. 1948); State v. Keeler, 52 Mont. 205, 156 P. 1080, 1082, L.R.A. 1916E, 472 (Sup. Ct. 1916); People v. Jelke, 308 N.Y. 56, 123 N.E.2d 769, 775 (Ct. App. 1954); State v. Osborne, 54 Or. 289, 103 P. 62, 64, 65 (Sup. Ct. 1909); State v. Jordan, 57 Utah 612, 196 P. 565, 568 (Sup. Ct. 1921). Cf. Williamson v. Lacy, 86 Me. 80, 29 A. 943, 25 L.R.A. 506 (Sup. Jud. Ct. 1893); contra Reagan v. United States, 202 F. 488, 44 L.R.A., N.S., 583 (9th Cir. 1913); Benedict v. People, 23 Colo. 126, 46 P. 637, 638 (Sup. Ct. 1896); State v. Nyhus, 19 N.D. 326, 124 N.W. 71, 27 L.R.A., N.S., 487 (Sup. Ct. 1909); cf. State v. Genese, 102 N.J.L. 134, 142 (E. & A. 1925).
Finally, the State says there was no objection on the part either of defendant's trial counsel or of defendant, with *257 respect to the court's order to exclude all persons except witnesses; and furthermore there was a waiver of the right to a public trial. R.R. 1:5-1(a) allows us to notice plain errors despite a lack of objection in the court below. Surely a violation of so fundamental a matter as the constitutional right to a public trial, constitutes plain error.
But was there a waiver of this right? The court did not ask Haskins' trial counsel whether he consented to a clearing of the courtroom; it merely expressed, first an intention to clear the courtroom and later a direction. The whole argument as to waiver must rest on the trial court's supplemental finding.
"That [Haskins' trial counsel] did not object to the exclusion of spectators, that he thought such exclusion was to the benefit of his client; that he considered such determination was his responsibility as attorney for the defendant * * *."
So far as appears, Haskins' trial counsel did not consult with Haskins on the matter.
Inattention does not constitute a waiver. Here trial counsel apparently gave attention to the court's order only insofar as it provided for "the exclusion of spectators"; he had no objection to that. But there is nothing to indicate waiver or a conscious acquiescence in the order, to the extent that it excluded Haskins' friends, relatives and members of the press. A waiver of so important a matter should be established in a satisfactory manner.
A number of jurisdictions hold  even though they do not have the benefit of the plain error rule  that a failure to object does not constitute a waiver. As was declared in State v. Hensley, 75 Ohio St. 255, 79 N.E. 462, 464, 9 L.R.A., N.S., 277 (Sup. Ct. 1906) "The right cannot be waived by silence" (but see comment on that case, 6 Wigmore, Evidence (3rd ed.) § 1835, n. 1); Wade v. State, 207 Ala. 1, 92 So. 101, 103 (Sup. Ct. 1921); Stewart v. State, 18 Ala. App. 622, 93 So. 274 (Ct. App. 1922); State v. Marsh, 126 Wash. 142, 217 P. 705, 706 (Sup. Ct. 1923); 49 Col. L. Rev. 100, 118; contra see Keddington v. State, 19 Ariz. 457, 172 P. *258 273, 275, L.R.A. 1918D, 1093 (Sup. Ct. 1918); Benedict v. People, 23 Colo. 126, 46 P. 637, 638 (Sup. Ct. 1896). Further cf. E.W. Scripps Co. v. Fulton, Ohio App., 125 N.E.2d 896 (Ct. App. 1955); but see United Press Associations v. Valente, 308 N.Y. 71, 123 N.E.2d 777, 781 (Ct. App. 1954).
We need not in this case decide what acts constitute a waiver; nor whether counsel may make the waiver on behalf of his client, cf. United States v. Sorrentino, 175 F.2d 721 (3rd Cir. 1949), Dutton v. State, 123 Md. 373, 91 A. 417, 423 (Ct. App. 1914), or whether the defendant himself must in some manner give his consent, cf. Patton v. United States, 281 U.S. 276, 298, 50 S.Ct. 253, 74 L.Ed. 854 (1930).
There will therefore have to be a new trial.
In view of that eventuality it may be helpful to deal with one other question, namely, whether the evidence here warranted a conviction of the defendant on one of the four indictments before us  namely, that charging him with a violation of N.J.S. 2A:133-8.
This statute, derived from L. 1910, c. 10, § 5, p. 25 (there is no earlier statute in New Jersey on the crime of prostitution) reads:
"Any person who knowingly receives any money or other thing of value, without actual and bona fide consideration, from the earnings of a female engaged in prostitution, is guilty of a high misdemeanor."
N.J.S. 2A:133-1, derived from L. 1922, c. 240, § 2, p. 420, provides:
"`Prostitution,' as used in this chapter, shall include the giving or receiving of the body for sexual intercourse for hire, and the giving or receiving of the body for indiscriminate sexual intercourse without hire."
The indictment under consideration charged defendant with knowingly receiving moneys from the earnings of Wilma Wilson, a woman engaged in prostitution. The proofs show that $10, of which she gave Haskins $5, had been paid to her for offering her body to a man for the purpose of prostitution. *259 She found, however, that when they went into a room for that purpose, the man was unable to have intercourse, and in fact she did not expose her body to him.
The single question is whether the statutory words "giving or receiving of the body" include a mere offering of the body without contact. The word "give" at times means, as stated in Webster's New International Dictionary (2d ed.), "12. to offer to the action of another; to proffer"; and we think it has that significance here. Such a construction avoids the redundancy suggested by the word "receiving."
We find no case supporting this view but are to some extent fortified by the decisions defining the word "prostitution" as an offering of the body. Cleveland v. United States, 329 U.S. 14, 17, 67 S.Ct. 13, 91 L.Ed. 12 (1946); Chan Wong v. Nagle, 17 F.2d 987, 988 (9th Cir. 1927); People v. Rice, 277 Ill. 521, 115 N.E. 631, 632 (Sup. Ct. 1917); State v. Porter, 130 Iowa 690, 107 N.W. 923, 924 (Sup. Ct. 1906); State v. Marsh, 158 Minn. 111, 196 N.W. 930, 931 (Sup. Ct. 1924); Hicks v. State, 93 Okl. Cr. 311, 227 P.2d 685, 691 (Cr. Ct. App. 1951); Commonwealth v. Stingel, 156 Pa. Super. 359, 40 A.2d 140, 141 (Super. Ct. 1944) (note the Pennsylvania statute, P.L. 1939, p. 872, § 103, 18 P.S. § 4103, "offering or using of the body"); Trent v. Commonwealth, 181 Va. 338, 25 S.E.2d 350, 352 (Sup. Ct. App. 1943).
The proofs therefore suffice to support the conviction on this indictment. Nevertheless because of the denial of a public trial, the case will have to be reversed, and a new trial ordered.