529 So.2d 181 (1988)
James E. LEE
v.
STATE of Mississippi.
No. 57003.
Supreme Court of Mississippi.
August 3, 1988.
Robbie K. Asher, Bay St. Louis, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Henry C. Clay, III, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, ROBERTSON and ZUCCARO, JJ.
ZUCCARO, Justice, for the Court:
In the Circuit Court of Hancock County, James E. Lee was found guilty of rape and sentenced to forty years imprisonment. Lee now appeals this adverse verdict and sentence. We affirm.

FACTS
In July of 1984, Ann was a twenty-one year old female attending William Carey College near Hattiesburg where she was a senior majoring in church vocations. About that time, Ann was contacted by friends and asked if she would help James E. Lee meet young, single, Christian people in the Picayune community. Ann subsequently, upon meeting Lee, agreed to join him on a Fourth of July picnic. The couple obviously had a good time on the picnic, for Ann went on several more dates with Lee in the following weeks.
On July 28, 1984, Lee had been working at the home of Ann's mother. After completing the days work, Lee invited Ann to go for a ride with him in his automobile. The couple eventually made their way to a piece of property on which Lee intended to put his house trailer. At trial, Ann testified that while on the property, Lee forcibly raped her in that he made her perform oral sex five times and made her have sexual intercourse following each said act *182 of oral sex. Subsequently, the couple returned to Ann's home where Ann's mother fixed supper for Lee. After Lee finished supper, he left and at that time Ann told her mother that she had been raped. The preacher was called who came to the house and summoned the police. The preacher, his wife and Ann's mother took Ann to the hospital where Ann was examined by the emergency room physician. There is nothing in the record to indicate the findings of the emergency room physician.
James E. Lee was indicted for rape by the grand jury of Hancock County on January 18, 1985 and was tried and found guilty of rape and sentenced to forty years in the custody of the Mississippi Department of Corrections.
To this Court James E. Lee appeals and the following questions are presented by virtue of the errors assigned.

I. DID THE TRIAL JUDGE ABUSE HIS DISCRETION IN EXCLUDING THE PUBLIC FROM THE TRIAL WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING OR MAKING A FINDING THAT A CLOSURE ORDER WAS NECESSARY?

II. DID THE TRIAL JUDGE ABUSE ITS DISCRETION IN ORDERING THAT ALL MEMBERS OF THE PUBLIC BE EXCLUDED FROM THE COURTROOM?

III. DID THE TRIAL JUDGE ERR IN EXCLUDING MEMBERS OF THE PUBLIC FROM THE ENTIRE TRIAL?
In the case sub judice, the State moved that the public be excluded from the courtroom during Ann's testimony. The defense objected on the basis of the defendant's right to a public trial. The record as supplemented indicates that an informal hearing was held in the judge's chambers. At that informal hearing, the district attorney requested that the public be excluded from the courtroom during the victim's testimony. The basis for the exclusion, according to the State, was that the victim was extremely sensitive. The district attorney also cited the Mississippi Constitution, Article 3, Section 26 (1890) which provides:
In all criminal prosecutions the accused shall have a right to be heard by himself or counsel, or both, to demand the nature and cause of the accusation, to be confronted by the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and in all prosecutions by indictment or information, a speedy and public trial by an impartial jury of the county where the offense was committed; and he shall not be compelled to give evidence against himself; but in prosecutions for rape, adultery, fornication, sodomy or crime against nature the court may, in its discretion, exclude from the courtroom all persons except such as are necessary in the conduct of the trial. (Emphasis added)
The appellant, however, objected to the exclusion of the public based on the right to a public trial provided by the Sixth Amendment to the United States Constitution. At the conclusion of the hearing, the court sustained the State's motion and articulated the following reasons for excluding the public during the victim's testimony: Ann was a virgin at the time of the rape; Ann was an extremely religious and sheltered young girl who was extremely sensitive; Ann's feelings of humiliation and her anticipation of public scrutiny had influenced her to drop the case at one point; Ann had great difficulty in expressing herself and Ann refused to say the words "penis" and "vagina" in front of the public present in the courtroom. On appeal Lee continues to maintain that the lower court's action violated his right to a public trial.
In replying to the assignment of error, we first find that the Mississippi Constitution of 1890, Article 3, Section 26, as set forth above, by express language authorizes the exclusion of the public when the prosecution is for rape as in the case sub judice. However, the Sixth Amendment to the United States Constitution additionally protects the right to a public trial as follows:
In all criminal prosecutions, the accused shall enjoy the right to a speedy and *183 public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining Witnesses in his favor, and to have the Assistance of Counsel for his defense. (Emphasis added)
The Sixth Amendment contains no exclusion of the public for any purpose, but in a number of cases, federal courts have recognized that the Federal Constitutional right to a public trial in a criminal case may be limited by exclusion of spectators to the extent necessary to avoid embarrassment or emotional disturbance to a witness which might result from that witness giving testimony in a particular case. See, e.g., United States, ex rel. Latimore v. Sielaff, 561 F.2d 691, passim (7th Cir.1977), cert. den. 434 U.S. 1076, 98 S.Ct. 1266, 55 L.Ed.2d 782 (1978) (court closed to the public during testimony of twenty-one year-old rape victim [press was allowed to remain]); Harris v. Stephens, 361 F.2d 888, 891 (8th Cir.1966), cert. den. sub nom, Harris v. Bishop, 386 U.S. 964, 87 S.Ct. 1040, 18 L.Ed.2d 113 (1967) (closing of rape trial to the public during testimony of the twenty-three year-old victim); Benedict v. People, 23 Colo. 126, 128-29, 46 P. 637 (1896) (in a trial for sodomy, the judge properly excluded the general public); Douglas v. State, 328 So.2d 18, 20-21 (Fla. 1976); cert. den. 429 U.S. 871, 97 S.Ct. 185, 50 L.Ed.2d 151 (1976) (court closed to general public during witness' testimony concerning forced sex acts [press allowed to remain]); State v. Callahan, 100 Minn. 63, 69, 110 N.W. 342 (1907) (upheld clearing of courtroom of spectators when rape victim found it difficult to testify in front of a large crowd).
The trial judge held an evidentiary hearing and made findings sufficient to exclude members of the public from the trial during the victim's testimony. Further, court officials, the appellant, legal counsel and, of course, the jury were never excluded from the courtroom. We hold that this meets the requirements of the Sixth Amendment. The three assignments of error are without merit.

IV. DID THE TRIAL JUDGE ERR IN FINDING THAT THE CONFESSION WAS FREE AND VOLUNTARY?
Lee argues that the trial court committed reversible error by determining in a hearing outside of the jury's presence that his pretrial confession was freely and voluntarily given. However, the confession was neither entered into evidence nor in any way placed before the jury for its consideration during the course of the trial. Under these facts, appellant was in no way prejudiced by the trial judge's determination, and consequently the assigned error is without merit.

V. DID THE TRIAL JUDGE ERR IN GIVING A JURY INSTRUCTION AS TO THE FORM OF THE VERDICT WHICH INSTRUCTION PROVIDED TWO FORMS OF A GUILTY VERDICT FIRST, AND THEN ONE FORM OF A NOT GUILTY VERDICT?
The appellant argues that it was error to grant a jury instruction as to the form of verdict which made a finding of guilt the first option available to the jury. That is, the instruction literally gave the jury the alternative of a guilty verdict first followed by the alternative of a not guilty verdict. Lee asserts that since a person should be presumed innocent until proven guilty the text of an instruction should place the not guilty verdict before the guilty verdict.
In Laney v. State, 486 So.2d 1242 (Miss. 1986) this Court considered this issue and determined it was without merit. Further, all instructions are to be read together and if a jury is fully and fairly instructed as to the law when the instructions are read as a whole, there is no error. Groseclose v. State, 440 So.2d 297 (Miss. 1983). This assignment of error is without merit.
For the foregoing reasons, we affirm.
AFFIRMED.
*184 ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.